## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEHUM CARE SERVICES, INC.[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 23-90086 (CML) |
| | ) | |
| | ) | |
| | ) | |
| MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUST, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE DEBTOR. | ) ) ) ) ) ) | Adv. Pro. No. 26-03138 (CML) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR ALTERNATIVE
## SERVICE ON DEFENDANTS YITZCHAK LEFKOWITZ
## a/k/a ISAAC LEFKOWITZ AND SARA ANN TIRSCHWELL

---

[1]   The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is:  205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

Plaintiffs Matthew J. Dundon, solely in his capacity as GUC Trustee[2] of the GUC Trust, Michael Zimmerman, solely in his capacity as PI/WD Trustee of the PI/WD Trust, the Post-Effective Date Debtor (collectively, the "Plaintiffs"), by and through their undersigned counsel, file this motion (the "Motion"), pursuant to Bankruptcy Rule 7004(b)(1), for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting alternative service on Defendants Yitzchak Lefkowitz *a/k/a* Isaac Lefkowitz ("Lefkowitz") and Sara Ann Tirschwell ("Tirschwell").

## INTRODUCTION

1.      In addition to Mr. Lefkowitz and Ms. Tirschwell, the Plaintiffs have sued various Defendants[3] for the fraudulent conduct against Tehum Care Services, Inc. ("Tehum").  Because the Settlement Parties failed to comply with their payment obligations under the $50 million Estate Party Settlement embedded in the Plan, the Trusts are prosecuting the Estate Causes of Action assigned to, and vested in, them under the Plan so the beneficiaries of the Trusts can receive a meaningful distribution on account of their claims.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the *First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* (Bankr. Dkt. No. 2014 at Ex. B) (the "Plan").

[3]   The Defendants include YesCare Corp. ("YesCare"), CHS TX, Inc. ("CHS TX"), each of YesCare's subsidiaries (collectively, the "CHS Entities"), Perigrove, LLC ("Perigrove"), Perigrove 1018, LLC ("Perigrove 1018"), Geneva Consulting, LLC ("Geneva"), M2 HoldCo, LLC ("M2 HoldCo"), M2 LoanCo, LLC ("M2 LoanCo"), PharmaCorr LLC ("PharmaCorr," and collectively with YesCare, CHS TX, the CHS Entities, Perigrove, Perigrove 1018, Geneva, M2 HoldCo, M2 LoanCo, and PharmaCorr, the "Lefkowitz Entities"), Sara Ann Tirschwell ("Tirschwell"), Ayodeji Olawale Ladele ("Ladele"), Beverly Michelle Rice ("Rice"), Jeffrey Scott King ("King"), Jennifer Lynne Finger ("Finger"), Frank Jeffrey Sholey ("Sholey"), and Does 1-50.

pursuant to 28 U.S.C. §§ 1408 and 1409.

**THE STATUS OF SERVICE OF PROCESS**

3.      As of the filing of this Motion, with only three exceptions—Defendants Mr. Lefkowitz, Ms. Ladele, and Ms. Tirschwell—Plaintiffs have effectuated service of process of the Summons and Complaint on all Defendants.

4.      As the Plaintiffs have become aware that Ms. Ladele's residential address has changed, Plaintiffs have sought the issuance of a new Summons for Ms. Ladele at her new residential address.

5.      As reflected in the process server's *Affidavit of Due Diligence*, dated May 13, 2026, attached hereto as **Exhibit B** (the "Lefkowitz Service Affidavit"), the Plaintiffs have been unable to effectuate service of process on Mr. Lefkowitz through conventional methods of service after repeated attempts to serve Mr. Lefkowitz at his known residence.  As reflected in the process server's *Affidavit of Due Diligence*, dated May 18, 2026, attached hereto as **Exhibit C** (the "Tirschwell Service Affidavit"), the Plaintiffs have also been unable to effectuate service of process on Ms. Tirschwell through conventional methods of service and, given the statements made to the process server by the concierge at Ms. Tirschwell's apartment building set forth in the Tirschwell Service Affidavit, repeated attempts to serve Ms. Tirschwell at her residence absent her consent would be futile.  Moreover, the Plaintiffs' counsel has also been in contact with counsel to Ms. Tirschwell with respect to service of process.  However, as of the date of this Motion, Ms. Tirschwell's counsel has only agreed to accept service if Plaintiffs agree to certain unacceptable conditions.

**MOTION FOR ALTERNATIVE SERVICE**

6.      Bankruptcy Rule 7004(b)(1) provides that, "in addition to the methods of service authorized by Fed. R. Civ. P. 4(e)-(j), a copy of a summons and complaint may be served by first-class mail, postage prepaid, within the United States on:  (1) an individual except an infant or an incompetent person—by mailing the copy to the individual's dwelling or usual place of abode or where the individual regularly conducts a business or profession;" and "(8) any defendant" by mailing the "summons and complaint to the defendant's agent" at such "agent's dwelling or usual place of abode or where the agent regularly conducts a business or profession."

7.      The Bankruptcy Rule 7004(b)(1) method of service is an "efficient method of service" that is "appropriate," particularly in circumstances where a process server has been unable to effectuate service pursuant to Civil Rule 4(e).[4]

8.      **Mr. Lefkowitz**.  The Lefkowitz Service Affidavit details three attempts to serve Mr. Lefkowitz at his residence in Brooklyn, New York, on three different days and at different times of day: 11:54 a.m. on May 5, 2026; 7:31 a.m. on May 6, 2026; and 5:26 p.m. on May 7, 2026.

9.      The Lefkowitz Service Affidavit further details that on the May 7, 2026, attempt to serve Mr. Lefkowitz, no one answered the process server when he "buzzed the intercom," but "[s]hortly after, the housekeeper came out, and accordingly [the process server] asked if anyone was home.  The housekeeper went in to check, came back out, said no one was home, and walked away."  Exhibit B at 1.  This is not the first occasion Mr. Lefkowitz has taken steps to make it

---

[4]      *KSMI Properties LLC v. South (In re South)*, 645 B.R. 205, 207-08 (Bankr. E.D. Tex. 2022) (holding just cause existed to order service of process by both leaving a copy of the summons, complaint, and the Court's order with "anyone" over 16 years of age at the defendant's residence and mailing a copy of the summons, complaint, and the Court's order to the defendant's residence where the process server's sworn statement detailed failed attempts to serve defendant at his residence, including an interaction with a child who stated defendant was not at home).

difficult to effectuate service of process on him, including in connection with the bankruptcy case in which this Adversary Proceeding is brought.[5]

10.     Further, on May 8, 2026, YesCare Corp., CHS FL, LLC, CHS TX, Inc., and CHS AL, LLC commenced voluntary Chapter 11 proceedings in the United States Bankruptcy Court for the Middle District of Florida.[6]  YesCare Corp.'s voluntary petition was signed by David Goldwasser of FIA Capital Partners, LLC, YesCare Corp.'s Chief Restructuring Officer.

11.     At a May 18, 2026, videoconference hearing in the Florida Bankruptcy Cases, when the camera for Mr. Goldwasser first came on, Mr. Lefkowitz was visible on the camera.  The camera then turned off, and when the camera turned on again, Mr. Goldwasser was on the camera.

12.     The existence of this Adversary Proceeding was discussed during the remote May 18, 2026, hearing in the Florida Bankruptcy Cases for which Mr. Lefkowitz was present. There can be no doubt that Mr. Lefkowitz is aware of this Adversary Proceeding.

13.     While Bankruptcy Rule 7004(b)(1) on its face permits Plaintiffs to effectuate service of process on Mr. Lefkowitz by mail, in an abundance of caution Plaintiffs make this Motion to obtain the Court's permission to effect service of process on Mr. Lefkowitz.

14.     For the foregoing reasons, Plaintiffs request that the Court permit the Plaintiffs to serve Mr. Lefkowitz by mail in accordance with the Proposed Order.

15.     **<u>Ms. Tirschwell</u>**.  Here, the Tirschwell Service Affidavit details that the process server attempted to serve Ms. Tirschwell at her Houston, Texas, residence at 5:37 p.m. on May 8,

---

[5]     *See Reply in Support of Official Committee of Tort Claimants' Emergency Motion for Status Conference*, dated January 24, 2024 [Docket No. 1288], at ¶ 2 (detailing that Mr. Lefkowitz "advised the TCC that he will not appear for deposition in his personal capacity until he is personally served with a subpoena," that he "refused to provide his current address to the TCC," and that he had not "authorized any counsel to accept service of a subpoena").

[6]     *See In re CHS FL, LLC*, Case No. 2:26-bk-01087-FMR (Bankr. M.D. Fla.) (the "<u>Florida Bankruptcy Cases</u>").

2026, that he found the address to be a secured apartment building, that the concierge "called up to the unit but there was no answer," that "the concierge stated that I would only be allowed up if the resident of Apartment 2901 is present and provides authorization for access to me," and that the "concierge would not verify if Sara Tirschwell was a resident there."

16.     Since the Plaintiffs filed their complaint on April 27, 2026, Ms. Tirschwell contacted the Plaintiffs through her counsel, Steven Storch at Storch Byrne LLP, 437 Madison Ave., 24th Floor, New York, NY 10022.  The Plaintiffs' counsel participated in a Zoom call with Ms. Tirschwell and her counsel on May 13, 2026.  During this call, the Plaintiffs' counsel asked if Ms. Tirschwell's counsel would accept service on her behalf.  As of the date of this Motion, Mr. Storch has conditioned willingness to accept service on Ms. Tirschwell's behalf on conditions Plaintiffs are unwilling to agree to, necessitating this Motion.

17.     While Bankruptcy Rule 7004(b)(1) on its face permits Plaintiffs to effectuate service of process on Ms. Tirschwell by mail (either to her residence or to her attorney's address), in an abundance of caution, the Plaintiffs make this Motion to obtain the Court's permission to effect service of process on Ms. Tirschwell.

18.     For the foregoing reasons, the Plaintiffs request that the Court permit the Plaintiffs to serve Ms. Tirschwell in accordance with the Proposed Order.

Dated:  May 18, 2026

Respectfully submitted,

**BROWN RUDNICK LLP**

/s/ *Eric R. Goodman*

Eric R. Goodman (*pro hac vice*)
D. Cameron Moxley (*pro hac vice*)
Gerard T. Cicero (*pro hac vice*)
Susan Sieger-Grimm (*pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: egoodman@brownrudnick.com
        cmoxley@brownrudnick.com
        gcicero@brownrudnick.com
        ssiegergrimm@brownrudnick.com

**STINSON LLP**

/s/ *Nicholas Zluticky*

Nicholas Zluticky (SDTX Bar No. 3845893)
Zachary H. Hemenway (SDTX Bar No. 3856801)
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Email:  nicholas.zluticky@stinson.com
        zachary.hemenway@stinson.com

*Counsel for the PI/WD Trustee and the GUC Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via the ECF transmission to all Pacer System participants in these bankruptcy cases on May 18, 2026.

/s/ *Eric R. Goodman*
Eric R. Goodman

7