UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 23-90086 (CML) |
| TEHUM CARE SERVICES INC.,[1] | Chapter 11 |
| Debtor. | |

------------------------------------------------------------

| | |
|---|---|
| MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUSTE, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE DEBTOR, | Adv. Pro. No. 26-03138 (CML) |
| Plaintiffs, | |
| v. | |
| YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO LLC, M2 LOANCO LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY, | |
| Defendants. | |

------------------------------------------------------------

## ANSWER TO COMPLAINT

Defendants Geneva Consulting, LLC ("Geneva"); Perigrove, LLC ("Perigrove"),

Perigrove 1018, LLC ("1018"), PharmaCorr LLC ("PharmaCorr") (collectively, the "Answering

Defendants"), by and through their undersigned attorneys, hereby submit this Answer to the

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

1

Complaint (the "Complaint")[2] of Matthew J. Dundon (the "GUC Trustee"), solely in his capacity as the GUC Trustee of the GUC Trust, Michael Zimmerman (the "PI/WD Trustee"), solely in his capacity as the PI/WD Trustee of the PI/WD Trust, and The Post-Effective Date Debtor (the "Debtor").

### Introduction

Since the commencement of this Adversary Proceeding, the prime defendants, YesCare Corp. and CHS TX, Inc. (collectively, the "Florida Debtors"), commenced their own Chapter 11 cases in the Middle District of Florida (the "Florida Bankruptcy Court") on May 8, 2026, and May 13, 2026, respectively. All claims asserted herein against the Florida Debtors are stayed by operation of law pursuant to 11 U.S.C. §362(a). The question is whether the entire Adversary Proceeding is stayed as to the non-debtor parties pursuant to the rationale of the decision by the Second Circuit Court of Appeals in *In re Fogarty*, 39 F.4th 62 (2d Cir. 2022). The *Fogarty* case established a "bright-line rule: if the debtor is a named party in a proceeding or action, then the automatic stay imposed by those subsections applies to the continuation of such a proceeding or action . . . ." *Id.*, at 76. The reasoning supporting this brightline rule is sound and should be applied here.

Yet, even if, *arguendo*, the automatic stay does not immediately apply to the non-debtor defendants, the intervening Chapter 11 cases involving the Florida Debtors certainly changed the complexion of this Adversary Proceeding. Specifically, the main Claims and Causes of Action relate to claims by Plaintiffs to set aside and avoid the Divisional Merger involving Corizon Health (even though permitted and recognized under Texas law) as an alleged fraudulent conveyance under Sections 544(b), 548(a)(1)(A) and 550 as against each of the Florida Debtors. The fraudulent conveyance claims and contentions lie at the heart of the Complaint with the majority

---

[2] Terms defined in the Compliant shall have the same meanings for purposes of this Answer.

of the factual allegations (disputed as they may be) focused on events the surrounding the Divisional Merger.  While these Claims and Causes of Action are stayed by operation of law at this juncture, the Answering Defendants are filing this Answer to respond to the specific allegations and Causes of Action asserted against them.[3]  The filing of this Answer is without prejudice to the right to seek removal and transfer of the Adversary Proceeding pursuant to Bankruptcy Rule 9027 once the question of the venue of the Chapter 11 cases is decided.

### Response to Nature of the Action

1.      To the extent relevant or applicable to them, the Answering Defendants deny the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17" and "18" of the Complaint, except the Answering Defendants admit that a Divisional Merger occurred, Tehum confirmed a plan of reorganization predicated upon the Settlement as defined therein, monetary defaults under the Settlement occurred in February 2026 after the Settlement was partially funded, and the Channeling Injunction terminated.

### Response to Jurisdiction

2.      The Answering Defendants neither admit nor deny the allegations contained in paragraphs "19", "20", "21" and "22" of the Complaint which involve questions of law concerning the proper scope of the Bankruptcy Court's post-confirmation jurisdiction to hear and decide this Adversary Proceeding against the non-debtors. While the Plan and ensuing Confirmation Order reserved jurisdiction over the enforcement of the Settlement, there was no specific reservation that if a default occurred, the Bankruptcy Court retained post-confirmation jurisdiction over any ensuing litigation against the Answering Defendants as non-debtors.  The Answering Defendants deny that

---

[3] The Claims and Causes of Action against the Answering Defendants are limited to specific allegations in Counts IV, V and VI and general allegations in Counts XV and XVI.  Hence most of the allegations in the Complaint do not apply to the Answering Defendants, and appropriate references to this circumstance are made throughout this Answer.

the Bankruptcy Court has core jurisdiction over this post-confirmation Adversary Proceeding and the Answering Defendants do not consent to the entry of a final judgment by the Bankruptcy Court.

### Response to The Parties

3.      The Answering Defendants deny knowledge and information sufficient to form a belief with respect to the allegations contained in paragraphs "23", "24" and "25" of the Complaint, except admit the Plan and Settlement provided for the establishment of various trusts with various rights in the event the Channeling Injunction was terminated.

4.      The allegations contained in paragraphs "26", "27", "28", "32" and "33 are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

5.      The Answering Defendants deny the allegations contained in paragraphs "29", "30", "31" and "34" of the Complaint, except admit that their states of formation and principal places of business are correctly stated, and futher admit that the Answering Defendants were designated as Release Parties under the Settlement and Cure Agreement, the terms of which speak for themselves.

6.      The allegations contained in paragraphs "35", "36", "37", "38", "39", "40" and "41" are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to Corizon Health

7.      The allegations contained in paragraphs "42", "43", "44", "45", and "46" of the Complaint are not directed against the Answering Defendants and no response is required, except the Answering Defendants admit that the Flacks Group sold its equites interest in M2 LoanCo and M2 HoldCo to 1018. To the extent that any further response is required, the Answering Defendants deny the allegations therein.

4

**Response to Corizon Was a Mere Instrumentality**

8.       1018 denies the allegations contained in paragraphs "47" and "48" of the Complaint. The allegations contained in paragraphs "47" and "48" of the Complaint are not directed against Geneva, Perigrove, or PharmaCorr and no response is required. To the extent that any response is required, Geneva, Perigrove, and PharmaCorr deny the allegations therein.

**Response to Consulting Agreement with Geneva Consulting LLC**

9.       Geneva denies the allegations contained in paragraphs "49", "50", "51", "52" and "53" of the Complaint, except admits that Geneva was a management vendor and received various payments under its contract, and Mr. Lefkowitz was a director.  1018 admits that Mr. Lefkowitz was a director of 1018 but denies the remainder of the allegations contained in paragraphs "49", "50", "51", "52" and "53" of the Complaint, to the extent that they are alleged against 1018. Otherwise, these allegations are not directed against the remaining Answering Defendants and no response is required. To the extent that any response is required, the remaining Answering Defendants deny the allegations therein.

**Response to Signature Account / Transfers to M2 LoanCo**

10.       Perigrove and 1018 deny the allegations contained in paragraphs "54", "55", "56" and "57" of the Complaint, except admit that M2 LoanCo received various partial loan repayments under pre-existing credit facilities. Otherwise, these allegations are not directed against the remaining Answering Defendants and no response is required. To the extent that any response is required, the remaining Answering Defendants deny the allegations therein.

**Response to Other Perigrove 1018 and Lefkowitz-Related Entities**

11.       1018 denies the allegations contained in paragraphs "58", "59" and "60"  of the Complaint.   Otherwise, these allegations are not directed against the remaining Answering

Defendants and no response is required. To the extent that any response is required, the remaining Answering Defendants deny the allegations therein.

### Response to Personal Injury and Wrongful Death Claims

12. The allegations contained in paragraphs "61", "62', "63", "64", "65', "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77" and "78" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to Commercial Claims

13. The allegations contained in paragraphs 79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89" and "90" of the Complaint, are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to Project Orange

14. 1018 denies the allegations contained in paragraphs "91", "92", "93", "94", "95", "96", "97", "98", "99" and "100" of the Complaint . Otherwise, these allegations are not directed against the remaining Answering Defendants and no response is required. To the extent that any response is required, the remaining Answering Defendants deny the allegations therein.

### Response to Implementing the Fraud

15. The Answering Defendants deny the allegations contained in paragraph "101" of the Complaint.

### Response to The Creation of YesCare

16. The allegations contained in paragraphs "102" and "103" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action

against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to Funnel New Business to Newly Formed YesCare Entities

17.     1018 denies the allegations directed against it contained in paragraphs "117". The remaining allegations contained in paragraphs "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120". "121" and "122" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to The Divisional Merger

18.     1018 denies the allegations directed against it in paragraph "123" and "138". The remaining allegations contained in paragraphs "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137" and "138" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to The Fairness Opinion and Forged Bank Statement

19.     The allegations contained in paragraphs "139", "140". "141", "142", "143", "144", "145" and "146" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

### Response to YesCare as the Mere Continuation of Corizon

20.     1018 denies the allegations directed against it in paragraph "156". The remaining allegations contained in paragraphs "147", "138", "149", "150". "151", "152", "153", "154", "155",

"156" and "157" of the Complaint are not directed against the Answering Defendants and otherwise relate to Claims and Causes of Action against the Florida Debtors which are stayed. To the extent that any response is required, the Answering Defendants deny the allegations therein.

## Response to Perigrove 1018 and Mr. Lefkowitz as Alter Egos of Corizon

21. 1018 denies the allegations contained in paragraphs "158", "159", "160". "161", "162", "163", "164", "165", "166" and "167" of the Complaint, except admits that Mr. Lefkowitz was a director of the companies in the Corizon organizational structure but not the sole director. PharmaCorr denies the allegations directed against it in paragraph "164". Otherwise, the allegations contained in paragraphs "158", "159", "160". "161", "162", "163", "164", "165", "166" and "167" of the Complaint are not directed against the remaining Answering Defendants and no response is required. To the extent that any response is required, the remaining Answering Defendants deny the allegations therein.

## Response to Pre-Bankruptcy Litigation

22. To the extent relevant to them, the Answering Defendants deny the allegations contained in paragraph "168" of the Complaint.

## Response to Litigation in Federal Court in the Eastern District of Michigan

23. The allegations contained in paragraphs "169", "170", "171", "172", "173" and "174" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

## Response to Litigation in State Court in Missouri

24. The allegations contained in paragraphs "175", "176". "177", "178", "179", "180" and "181" of the Complaint are not directed against the Answering Defendants and no response is

required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

## Response to The Bankruptcy Case

25.     1018 denies the allegations directed against it in paragraph "196" of the complaint. The remaining allegations contained in paragraphs "182", "183". "184", "185", "186", "187", "188", "189", "190", "191", "192", "193", "194", "195" and "196" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

## Response to The Insider DIP Loan

26.     1018 denies the allegations against it in paragraph "199" of the Complaint. The remaining allegations contained in paragraphs "197", "198" and "199" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to The Senate Inquiry**

27.     The allegations contained in paragraphs "200", "201" and "202" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

**Response to The Appointment of the Tort Claimants' Committee**

28.     The Answering Defendants admit the allegations contained in paragraph "203" of the Complaint.

**Response to TCC and UCC Sponsored Chapter 11 Plan**

29.     The Answering Defendants admit that the filings and events referenced in paragraphs "204", "205", "206", "207", "208", "209", "210", "211", "212", "213", "214", "215", "216", "217", "218", "219", "220", "221", "222" and "223" of the Complaint occurred, except deny the Plaintiffs' characterization of those events or the motivation surrounding them. The Plan and Settlement speak for themselves as to their respective terms and conditions. The Answering Defendants deny the remainder of the allegations contained in the referenced paragraphs, if any.

**Response to Solicitation and Plan Confirmation**

30.     The Answering Defendants admit that the filings and events referenced contained in paragraphs "224", "225", "226", "227", "228", "229" and "230" of the Complaint occurred, except deny the Plaintiffs' characterization of those events or the motivation surrounding them. The Plan and Settlement speak for themselves as to their respective terms and conditions. The Answering Defendants deny the remainder of the allegations contained in the referenced paragraphs, if any.

**Response to Post-Confirmation Litigation**

31.     The allegations contained in paragraphs "231", "232", "233" and "234" of the Complaint are not directed against the Answering Defendants and no response is required. To the extent that any response is required, the Answering Defendants deny the allegations therein.

10

**Response to Settlement Payment Default**

32.     The Answering Defendants deny the allegations contained in paragraphs "235", "236", "236", "238", "239", "240", "241", "242", "243" and "244" of the Complaint, except admit that there are defaults under the terms the Settlement. The Settlement and other referenced documents speak for themselves as to their respective terms and conditions. The Answering Defendants deny the remainder of the allegations contained in the referenced paragraphs, if any.

**Response to First Cause of Action Against CHS TX**

33.     The First Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

**Response to Second Cause of Action Against CHS TX**

34.     The Second Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

**Response to Third Cause of Action Against Mr. Lefkowitz, Ms. Tirschwell and Mr. King**

35.     The Third Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Fourth Cause of Action Against Geneva, M2 LoanCo and PharmaCorr**

36.     Paragraph "267" is a restatement and re-allegation of prior paragraphs to which no response is required. To the extent any response is required, the Answering Defendants deny paragraph "267."

37.     Geneva and PharmaCorr deny the allegations contained in paragraphs "268", "269", "270", "271", "272", "273" and "274" of the Complaint insofar as the allegations relate to them. Otherwise, these allegations are not directed against the remaining Answering Defendants and no response is required. To the extent that any response is required, the remaining Answering Defendants deny the allegations therein.

**Response to Fifth Cause of Action Against Geneva, M2 LoanCo and PharmaCorr**

38.     Paragraph "275" is a restatement and reallegation of prior paragraphs to which no response is required. To the extent any response is required, the Answering Defendants deny paragraph "275."

39.     Geneva and PharmaCorr deny the allegations contained in paragraphs "276", "277", "278", "279", "280", "281", "282" and "283" of the Complaint insofar as the allegations relate to them.  Otherwise, these allegations are not directed against the remaining Answering Defendants and no response is required. To the extent that any response is required, the remaining Answering Defendants deny the allegations therein.

**Response to Sixth Cause of Action Against Mr. Lefkowitz and the Lefkowitz Entities**

40.     Paragraph "284" is a restatement and reallegation of prior paragraphs to which no response is required. To the extent any response is required, the Answering Defendants deny paragraph "284."

41.     The Answering Defendants deny the allegations contained in paragraphs "285", "286", "287", "288", "289", "290", "291", "292", "293", "294" and "295" of the Complaint insofar as the allegations relate to the Answering Defendants.

**Response to Seventh Cause of Action Against Corizon Management**

42.     The Seventh Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Eighth Cause of Action Against Mr. Lefkowitz**

43.     The Eighth Cause of Action is not directed against the Answering Defendants and no response is required.

12

**Response to Ninth Cause of Action Against Corizon Management**

44.    The Ninth Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Tenth Cause of Action Against Corizon Management**

45.    The Tenth Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Eleventh Cause of Action Against Mr. Lefkowitz**

46.    The Eleventh Cause of Action is not directed against the Answering Defendants and no response is required.

**Response to Twelfth Cause of Action Against Perigrove, LLC**

47.    Perigrove shares a similar form of name in part with 1018, but has no involvement with any transaction and has been misnamed and/or misidentified.  Perigrove (and to the extent applicable, 1018) denies the allegations contained in paragraphs "325", "326", "327", "328" and "329" of the Complaint.  The Twelfth Cause of Action is not directed against the remaining Answering Defendants and no response is required by them.

**Response to Thirteenth Cause of Action Against YesCare Corp.**

48.    The Thirteenth Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

**Response to Fourteenth Cause of Action Against CHS TX**

49.    The Fourteenth Cause of Action relates to claims against the Florida Debtors which are stayed, and are not directed against the Answering Defendants, and no response is required.

### Response to Fifteenth Cause of Action Against the Settlement Parties

50.     As relevant to them, the Answering Defendants deny the allegations contained in paragraphs "350", "351" and "352" of the Complaint, except admit that there have been certain defaults under the Settlement and Cure Agreement.

### Response to Sixteenth Cause of Action Against All Defendants

51.     As relevant to them, the Answering Defendants deny the allegations contained in paragraphs "353" and "354" of the Complaint, and Plaintiffs' entitlement to legal fees.

### Response to Reservation of Rights

52.     The Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "355" of the Complaint, but similarly reserve their respective rights.

### First Affirmative Defense

53.     The complaint fails to state valid causes of action upon which relief may be granted against the Answering Defendants.

### Second Affirmative Defense

54.     At all times relevant hereto, Geneva and PharmaCorr qualified as good faith vendors for value within the meaning of Section 548(c).  The payments referenced in the Complaint were made based upon valid existing contractual agreements that pre-dated the Divisional Merger.  By virtue of the status of Geneva and PharmaCorr as good faith vendors for value, all claims against Geneva and PharmaCorr should be dismissed.

### Third Affirmative Defense

55.     The claims against the Answering Defendants are barred by the applicable statute of limitations.

**Fourth Affirmative Defense**

56.     The Bankruptcy Court lacks continuing jurisdiction over the post-confirmation claims against the Answering Defendants as non-debtors.  While Plaintiffs cite general provisions concerning post-confirmation jurisdiction under the Plan, jurisdiction was not specifically retained against non-debtors to adjudicate claims in the Bankruptcy Court on a post-confirmation basis following termination of the Channeling Injunction.  There is a substantive difference between enforcement of the Settlement and Cure Agreement against the Florida Debtors in the Bankruptcy Court as opposed to retaining jurisdiction over any follow-up litigation after a default is declared against non-debtors.  Due to the absence of a specific reservation, the Bankruptcy Court's post-confirmation jurisdiction does not properly lie against the Claims and Causes of Action asserted against the Answering Defendants.

**Fifth Affirmative Defense**

57.     This Adversary Proceeding is stayed against all Defendants for the reasons stated in the Introduction hereto.

**Sixth Affirmative Defense**

58.     The Complaint fails to plead the fraudulent conveyance claims with particularity against the Answering Defendants as required by Civil Rule 9(b), as made applicable by Bankruptcy Rule 7009, by failing to include detailed and specific allegations to each of the requisite elements under Sections 544(b)(1), 548(b)(a)(1)(A), 548(a)(1)(B) or 550.

15

Respectfully Submitted,

**BRACEWELL LLP**

*/s/ Jason G. Cohen*
Jason G. Cohen
(TX Bar No. 24050435)
Nancy McEvily Davis
(TX Bar No. 24078971)
Walter A. Simons
(TX Bar No. 24098429)
Bracewell LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone:      (713) 223-2300
Email:              jason.cohen@bracewell.com
                        nancy.davis@bracewell.com
                        walter.simons@bracewell.com

*Co-Counsel to Defendants Perigrove, LLC, Perigrove 1018, LLC, Geneva Consulting, LLC, and PharmaCorr LLC*

**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**

*/s/ Kevin J. Nash, Esq.*
Kevin J. Nash, Esq.
(*pro hac vice motion pending*)
125 Park Avenue, 12th Floor
New York, New York 10017
Telephone:      (212) 221-5700
Email:              knash@gwfglaw.com

*Co-Counsel to Defendants Perigrove, LLC, Perigrove 1018, LLC, Geneva Consulting, LLC, and PharmaCorr LLC*

16

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed on this 4th day of June 2026, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ *Jason G. Cohen*
Jason G. Cohen