**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TEHUM CARE SERVICES, INC.,[1] | ) Case No. 23-90086 (CML) |
| | ) |
| Debtor. | ) |
| | ) |
| MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUST, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE DEBTOR, | ) ) ) ) ) Adv. Pro. No. 26-03138 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS JENNIFER LYNNE FINGER, JEFFREY SCOTT KING,
BEVERLY MICHELLE RICE, AND FRANK JEFFREY SHOLEY'S
MOTION(I) TO DISMISS PLAINTIFFS' COUNTS III, VII, IX, X, AND
XVI FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE,
(II) FOR A MORE DEFINITE STATEMENT**

---

[1] The last four digits of the Debtor's federal tax identification number are 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Jennifer Lynne Finger ("Defendant Finger"), Jeffrey Scott King ("Defendant King"), Beverly Michelle Rice ("Defendant Rice"), and Frank Jeffrey Sholey ("Defendant Sholey," and together with Defendant Finger, Defendant King, and Defendant Rice, the "Moving Defendants"), defendants in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through their undersigned counsel, file this motion (the "Motion") seeking entry of an order (i) dismissing with prejudice Counts III, VII, IX, X, and XVI (collectively, the "Challenged Claims") asserted against the Moving Defendants in the *Complaint* [Docket No. 1] (the "Complaint")[2] of plaintiffs Matthew J. Dundon, solely in his capacity as the GUC Trustee of the GUC Trust, Michael Zimmerman, solely in his capacity as the PI/WD Trustee of the PI/WD Trust, and the Post-Effective Date Debtor (together, "Plaintiffs"), or in the alternative, (ii) compelling Plaintiffs to amend the Complaint to present a more definite statement of the Fiduciary Duty Claims[3] asserted

---

[2] Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Complaint.

[3] The "Fiduciary Duty Claims" collectively comprise the claims set forth against the Moving Defendants in Count VII, Count IX, and Count X of the Complaint.

against the Moving Defendants.  In support of the Motion, the Moving Defendants respectfully state the following:

## I.     STATEMENT PURSUANT TO BANKRUPTCY RULE 7012

1.     The Moving Defendants respectfully do not consent to the entry of a final order or judgment by the Court in this Adversary Proceeding if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  FED. R. BANKR. P. 7012(b).

## II.    PROCEDURAL BACKGROUND

2.     On April 27, 2026, Plaintiffs commenced the Adversary Proceeding by filing the Complaint.

3.     The Complaint asserts 16 causes of action against 15 defendants and is 83 pages long; however, only five causes of action—the Challenged Claims—involve the Moving Defendants.  The Challenged Claims are described as follows:

- Count III—Aiding & Abetting Fraudulent Transfer (the "Aiding and Abetting Claim"): This claim is asserted against Defendant King, Yitzchak Lefkowitz a/k/a Isaac Lefkowitz ("Mr. Lefkowitz"), and Sara Ann Tirschwell ("Ms. Tirschwell");

- Count VII—Breach of Fiduciary Duty—Misappropriation of Business Opportunities: This claim is asserted against "Corizon Management" collectively;[4]

- Count IX—Breach of Fiduciary Duty:  This claim is asserted against Corizon Management collectively;

- Count X—Breach of Fiduciary Duty—Red Flags:  This claim is asserted against Corizon Management collectively; and

- Count XVI—Attorney's Fees and Costs (the "Fee Claim"):  This claim is asserted collectively against all defendants named in the Complaint.

---

[4] The term "Corizon Management" is defined in the Complaint as including, collectively, the Moving Defendants, Mr. Lefkowitz, Ms. Tirschwell, and Ayodeji Olawale Ladele.

*See* Complaint ¶¶ 259-66, 292-99, 306-17, and 353-54.

4.        Pursuant to an agreement between Plaintiffs and the Moving Defendants, the Moving Defendants' deadline to answer or otherwise respond to the allegations in the Complaint is July 3, 2026.  Accordingly, this Motion is timely filed.

### III.        ARGUMENT

**A.        Dismissal of Plaintiffs' Challenged Claims Against the Moving Defendants Is Appropriate Because the Challenged Claims Fail to State Plausible Claims for Relief**

5.        Plaintiffs' Complaint fails to state any plausible claims for relief against the Moving Defendants.  Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), made applicable in this Adversary Proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Plaintiffs' Challenged Claims against the Moving Defendants should be dismissed with prejudice.

#### *(i)        Legal Standard for Evaluating a Complaint Facing a Motion to Dismiss*

6.        To survive a motion to dismiss pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556).  "In other words, the standard requires more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'"  *Childers v. Lifestyles Unlimited, Inc.*, 2023 U.S. Dist. LEXIS 101475, at *3 (N.D. Tex. June 12, 2023) (quoting *Iqbal*, 556 U.S. at 678).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'" *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). The court should "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *See id.* (internal quotation marks omitted).

7. The Supreme Court has established a two-step approach for evaluating the sufficiency of a complaint. First, the court should "identify any allegations . . . that are conclusory, as these will not be afforded a presumption of truth." *Johnson v. E. Baton Rouge Fed'n of Teachers*, 706 F. App'x 169, 170 (5th Cir. 2017). Second, the court "analyze[s] the remaining factual allegations to determine if, when presumed true, they add up to a violation of the law." *Id*. "Dismissal is appropriate where the complaint is devoid of facts to establish any one of the required elements of the claim asserted." *Barnett v. Am. Gen. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 164546, at *8 (W.D. Tex. Oct. 7, 2010) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). "But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable." *Cubas v. St. James Parish Sch. Bd.*, 2021 U.S. Dist. LEXIS 62133, at *15 (E.D. La. Mar. 31, 2021) (citing *Shandong Yinguang Chem Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam)).

8. "When reviewing a motion to dismiss, [the] . . . court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see*

*also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (stating that court may consider "documents attached to the motion to dismiss that are central to the claim and referenced by the complaint"). "Documents are central [to a plaintiff's claims] when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

### (ii)  *Plaintiffs' Aiding and Abetting Claim as Stated Is Not Recognized Under Texas or Federal Law*

9.      Plaintiffs' Aiding and Abetting Claim set forth in Count III of the Complaint asserts that Defendant King, along with Mr. Lefkowitz and Ms. Tirschwell, "enabled the fraudulent transfers set forth in Counts I and II of this Complaint." Complaint ¶ 262. Counts I and II of the Complaint (together, the "Fraudulent Transfer Claims") assert claims pursuant to 11 U.S.C. § 548 and applicable state law for alleged actual and constructive fraudulent transfers of Corizon's assets to YesCare effectuated by the Divisional Merger. *See* Complaint ¶¶ 245-58.[5] There are no allegations in the Complaint that the transfers of Corizon's assets to YesCare were made to or for the benefit of Defendant King. *See id.* ¶¶ 259-66.

10.      Plaintiffs' Aiding and Abetting Claim against Defendant King should be dismissed because neither Texas nor federal law generally recognizes such a claim where the defendant did not receive or benefit from the transfer of property. In *Mack v. Newton*, 737 F.2d 1343 (5th Cir. 1984), the Fifth Circuit held that the precursor to TUFTA did not allow for recovery from a party who was not a direct or indirect recipient of a fraudulent transfer. *See Mack*, 737 F.2d at 1361

---

[5] The Fraudulent Transfer Claims set forth in the Complaint fail to identify which state's fraudulent transfer law Plaintiffs rely on; however, given that the complained-of transfers allegedly occurred at the time of the Divisional Merger, the Moving Defendants believe the applicable law would be the Texas Uniform Fraudulent Transfer Act, Texas Business & Commerce Code § 24.001 *et seq.* ("TUFTA").

("Although we have found no Texas decision in point, we are persuaded that the Texas statute, like the Bankruptcy Act, does not provide for recovery other than recovery of the property transferred or its value from one who is, directly or indirectly, a transferee or recipient thereof."). Subsequent court decisions have affirmed that Texas law does not recognize a claim for aiding and abetting a fraudulent transfer where the defendant did not benefit from the alleged fraudulent transfer. *See, e.g.*, *Off. Stanford Invs. Comm. v. Greenberg Traurig, LLP*, 2014 U.S. Dist. LEXIS 190621, at \*32 (N.D. Tex. Dec. 17, 2014) ("The Court grants Defendants' motion to dismiss Plaintiffs' aiding and abetting fraudulent transfer claims because Texas does not recognize such a cause of action."); *see also Ron v. Ron*, 836 F. App'x 192, 195 (5th Cir. 2020) (per curiam) (affirming trial court's dismissal of plaintiff's claim for conspiracy to violate TUFTA, concluding that "TUFTA liability is generally restricted to parties to the transfer.  As someone what was not a party to and did not benefit from the alleged fraudulent transfer, Stein could not be held personally liable under TUFTA.").

11.     Similarly, nothing in the language of 11 U.S.C. §§ 548 or 550 provides for aiding and abetting liability.  *See Tow v. Bulmahn*, 2016 U.S. Dist. LEXIS 57396, at \*92-93 (E.D. La. Apr. 29, 2016), *aff'd sub nom.*, *Tow v. Bulmahn* (*In re ATP Oil & Gas Corp.*), 711 F. App'x 216 (5th Cir. 2017) (concluding that Trustee's claims for aiding and abetting transfers allegedly voidable pursuant to TUFTA and 11 U.S.C. § 548  failed as a matter of law, noting that "a number of courts have held that aiding and abetting a fraudulent transfer is not a valid claim under state or federal law") (internal quotation marks omitted); *see also Matson v. Rescue Rangers, LLC (In re Rescue Rangers, LLC)*, 576 B.R. 521, 528 (Bankr. E.D. Va. 2017) ("To the extent the Trustee contends that liability would exist for aiding and abetting, or conspiring to commit, a fraudulent conveyance as a matter of federal law under the Bankruptcy Code, his contention is without

merit…. The Trustee has not alleged that the Defendants received transferred property or benefitted from a transfer."); *Gierum v. Glick (In re Glick)*, 568 B.R. 634, 676-77 (Bankr. N.D. Ill. 2017) ("[P]arties who neither received transferred property nor benefitted from a fraudulent transfer in some other way are not subject to liability…. That includes liability for damages on an aiding and abetting theory. Overwhelmingly, courts have concluded that parties cannot be liable for a fraudulent transfer if all they have done is participate in it.").

12.     Here, the Complaint states only that Defendant King, along with Mr. Lefkowitz and Ms. Tirschwell, agreed to and effectuated the Divisional Merger that is the basis for Plaintiffs' Fraudulent Transfer Claims. *See* Complaint ¶¶ 260-65. There simply is no specific allegation that Defendant King himself was the beneficiary of, directly or indirectly, the alleged fraudulent transfer of Corizon's assets through the Divisional Merger. Accordingly, because Plaintiffs' Aiding and Abetting Claim rests on a legal theory that is not cognizable, it is not plausible and should be dismissed with prejudice.

### (iii) *Plaintiffs' Fiduciary Duty Claims Against the Moving Defendants Should Be Dismissed Due to Impermissible Group Pleading*

13.     Under Texas law, the elements of a claim for breach of fiduciary duty are generally "(1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).[6] Plaintiffs' Fiduciary Duty Claims against the Moving Defendants should be dismissed because they fail to specify with sufficient detail the individual acts or omissions of *each* defendant and/or how those

---

[6] Like the Fraudulent Transfer Claims, Plaintiffs' Fiduciary Duty Claims set forth in the Complaint fail to identify which state's law Plaintiffs rely on. The Moving Defendants set forth above the elements for a claim of breach of fiduciary duty under Texas law; however, even if the Plaintiffs' Fiduciary Duty Claims are made under Delaware law, they still fail for the reasons set forth herein.

alleged acts or omissions tie to each of the asserted bases for relief underlying the Fiduciary Duty Claims.  Instead, Plaintiffs rely on impermissible consolidated and conclusory allegations against "Corizon Management."

14.      A complaint must provide each defendant with fair notice of the plaintiff's claim.  *See* FED. R. CIV. P. 8(a).  "Group pleading" against multiple defendants is insufficient; "[b]ecause federal pleading requirements 'entitle *each defendant* to know what he or she did that is asserted to be wrongful, allegations based on a theory of collective responsibility cannot withstand a motion to dismiss.'"  *Childers*, 2023 U.S. Dist. LEXIS 101475, at *8 (quoting *Tow*, 2016 U.S. Dist. LEXIS 57396, at *52) (dismissing plaintiff's complaint for, among other grounds, impermissible group pleading where plaintiff collectively referred to defendants as a singular entity); *see also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss.").

15.      The Fiduciary Duty Claims are all asserted against "Corizon Management" collectively for alleged breaches of fiduciary duty.  None of the Fiduciary Duty Claims specify which of the Moving Defendants took which of the complained-of actions underlying the Fiduciary Duty Claims.  *See* Complaint ¶¶ 292-99 and 306-17.  Instead, the Fiduciary Duty Claims refer to the actions of Corizon Management on a collective basis.  *See, e.g.*, Complaint ¶ 295 ("Corizon Management diverted and exploited for their own benefit certain opportunities that should have been deemed assets of the Debtor…. Corizon Management chose not to respond to RFPs on behalf of the Debtor"); ¶ 308 ("Corizon Management breached their fiduciary duties of care, loyalty, and good faith … [by] knowingly and intentionally funneling business opportunities away from

Corizon"); and ¶ 314 ("Corizon Management breached their fiduciary duties of care, loyalty, and good faith … by ignoring and/or not taking prudent actions in the face of red flags … [by] causing Corizon to proceed with the divisional merger after learning of concerns with the Signature Accounts").

16.     As is clear from a reading of the the "Factual Allegations" section of the Complaint, not all members of "Corizon Management" committed the same alleged acts or omission.  While the alleged actions of some members of Corizon Management are discussed in detail—*e.g.*, the alleged actions of Mr. Lefkowitz—the Complaint, for the most part, provides little to no detail about the alleged actions each of the Moving Defendants took.

17.     For example, despite being 83 pages long, the Complaint identifies *no specific actions* taken by Defendant Finger or Defendant Rice.  Beyond identifying Defendant Finger and Defendant Rice in the "Parties" section of the Complaint,[7] the only other references to Defendant Finger and Defendant Rice in the Complaint are as follows:

- "The 2022 *Foreign Profit Corporation Annual Report* for Corizon dated April 19, 2022, identifies the following individuals as officers or directors of Corizon: … Jennifer Finger (Asst. Secretary) ….  Complaint ¶ 103; and

- "There was a continuity of management.  Following the Divisional Merger, in May of 2022, … (c) Beverly Michelle Rice, the former Corporate Controller for Corizon, became the Corporate Controller for YesCare … [and] (e) Jennifer Lynne Finger, the former Assistant General Counsel at Corizon, became the Assistant General Counsel of YesCare …."  Complaint ¶¶ 148, 335 (the same language appears in both paragraphs).

In the absence of any allegations specifying the acts or omissions by Defendant Finger and Defendant Rice which constituted a breach of their fiduciary duties and how those alleged breaches

---

[7] *See* Complaint ¶¶ 37 and 39.

caused injury to Corizon or any other party,[8] Plaintiffs' allegations that Defendant Finger and Defendant Rice breached their fiduciary duties as members of "Corizon Management" are wholly conclusory and fail to state plausible claims; accordingly, Plaintiffs' Fiduciary Duty Claims against Defendant Finger and Defendant Rice should be dismissed. *See Tow*, 2016 U.S. Dist. LEXIS 57396, at \*51-53 (dismissing claims for breach of fiduciary duty against four officer defendants collectively referred to with a large group of other defendants where complaint failed to provide single allegation of fact specific to the officer defendants and failed to plead a factual basis for the allegation that officer defendants shared collective responsibility for challenged decisions).

18.　　Similarly, with respect to Defendant Sholey, beyond identifying Defendant Sholey in the "Parties" section of the Complaint,[9] the only other references to Defendant Sholey in the Complaint are as follows:

- "Mr. Lefkowitz directed James Hyman, the then-CEO of Corizon, and Jeff Sholey, the then-CFO of Corizon, to transfer substantial sums to Geneva under the Consulting Agreement." Complaint ¶ 51;

- "Perigrove 1018's members were the sole signers on the Signature Accounts. Corizon's CFO and existing management did not have access to them." Complaint ¶ 55;

- "The 2022 *Foreign Profit Corporation Annual Report* for Corizon dated April 19, 2022, identifies the following individuals as officers or directors of Corizon: … Jeffrey F. Sholey (CFO) …." Complaint ¶ 103;

- "On February 11, 2022, Mr. Lefkowitz sent an email to Ms. Tirschwell, Mr. King, and Mr. Sholey, and indicated that in response to the Arizona RFP the executives should frame CHS AZ as a 'wholly owned subsidiary of: YesCare' and a 'predominantly woman owned Company comprised of former Corizon clinical and administrative

---

[8] To the extent Plaintiffs are asserting claims for alleged breaches of fiduciary duties to Corizon's creditors, such claims should be dismissed because Plaintiffs failed to include anything more than conclusory allegations of insolvency in the Complaint. *See ATP Oil & Gas*, 711 F. App'x at 223 (upholding district court's dismissal of trustee's fraudulent transfer claims where trustee made conclusory assertion that transferor was insolvent at time of transfers but failed to present any financial data showing transferor was actually insolvent).

[9] *See* Complaint ¶ 40.

employees' that was '[m]anaged by Geneva Consulting, a wholly owned subsidiary of: Genesis Healthcare a publicly traded Company (GENN).'" Complaint ¶ 107;

- "On May 3, 2022, Corizon filed a *Certificate of Merger Domestic Entity Divisional Merger Business Organization Code* with the Texas Secretary of State to form CHS TX, Inc. pursuant to a plan of merger under Section 3.0006 and Chapter 10 of the Texas Business Organization Code…. According to this Certificate, CHS TX's initial directors were Sara Tirschwell, Jeffrey Scott King, and Jeff Sholey." Complaint ¶ 129;

- "Mr. Lefkowitz solved the problem by falsifying a bank statement for the Signature Bank Account. On April 28, 2022, he provided Corizon employees and FTI with a statement purportedly showing that Corizon had $22,306,821.78 in the Corizon Signature Account as of February 28, 2022. Three days later, Corizon's CFO sent FTI a Management Representation Letter stating that '[a]s of February 28, 2022, the Company's subsidiary Corizon, LLC held cash of approximately $22.3 million in a bank account that is not subject to a deposit account control agreement in favor of the collateral agent' under the company's existing secured debt, and FTI referenced this and other less blatant questionable statements of management in its flawed analysis." Complaint ¶ 146;

- "There was a continuity of management. Following the Divisional Merger, in May of 2022, … (f) Frank Jeffrey Sholey, the former Chief Financial Officer at Corizon, became the Chief Financial Officer at YesCare, and later assumed the role of Chief Executive Officer for YesCare in February of 2023." Complaint ¶¶ 148, 335 (the same language appears in both paragraphs);

- "On October 24, 2023, Senator Warren, Senator Durbin, Senatore [sic] Hirono, Senator Merkley, Senator Blumenthal, Senator Wyden, Senator Sanders, Senator Welch, and Senator Booker sent a letter to Jeffrey Sholey, Chief Executive Officer of YesCare Corp., and Isaac Lefkowitz, the sole director of Tehum Care Services, Inc., raising questions about the Divisional merger and subsequent chapter 11 filing and requesting information …." Complaint ¶ 200; and

- "On November 15, 2023, YesCare, through its counsel at Akin Gump Strauss Hauer & Feld LLP, responded to the Senate Letter…. In its response, YesCare asserted that its executive leadership team included the following individuals: Jeffrey Sholey, Chief Executive Officer …." Complaint ¶ 201.

Out of the foregoing references, the only identified *action* taken by Defendant Sholey is that he allegedly "sent FTI a Management Representation Letter …." There are no allegations in the Complaint that sending FTI a letter was somehow a breach of Defendant Sholey's duties, nor are there any allegations that sending the letter caused any damages to Corizon or any other entity.

Beyond this single act, there are simply no allegations identifying any other alleged acts or omissions by Defendant Sholey.  In the absence of any such allegations regarding which specific acts or omissions by Defendant Sholey constituted a breach of his fiduciary duties to Corizon and how those alleged breaches caused injury to Corizon or any other party, Plaintiffs' allegations that Defendant Sholey breached his fiduciary duties as a member of "Corizon Management" are wholly conclusory and fail to state plausible claims; accordingly, Plaintiffs' Fiduciary Duty Claims against Defendant Sholey should be dismissed.

19.     The references to Defendant King are more numerous throughout the Complaint; however, the only identified *actions* taken by Defendant King set forth in the "Factual Allegations" section of the Complaint are as follows:

- "Corizon executives, including CEO Sara Tirschwell, and CLO Scott King, and others, pitched all new RFPs under the newly formed entities—CHS AL, LLC … and CHS AZ, LLC ….  New contracts arising from these efforts resulted in new business being funneled away from Corizon to YesCare."  Complaint ¶ 105;

- "YesCare's final contract with the ADOC, dated February 2023, was signed by Jeffrey Scott King."  Complaint ¶ 113;[10]

- "Jeffrey Scott King and other executives made mail forwarding arrangements for the 'new state LLCs.'"  Complaint ¶ 116;[11]

- "In one February 11, 2022 email, for example, defendant CLO Jeffrey Scott King directed a change from Corizon letterhead to YesCare letterhead after 'talking to Isaac [Lefkowitz] and Sara [Tirschwell]' for writing to Arizona….  Mr. King also asked that

[10] Plaintiffs cite to Exhibit F to the Complaint as support for their allegation that Defendant King signed the final contract with ADOC.  Exhibit F, however, is not the alleged contract between YesCare and ADOC; rather, it is a "Contract Review Report."

[11] Plaintiffs cite to Exhibit H to the Complaint as support for their allegation that Defendant King made mail forwarding arrangements for the new state LLCs.  Nothing in Exhibit H supports Plaintiffs' allegation because none of the emails contained therein are from Defendant King nor do any of the emails contain any language stating that Defendant King took any affirmative actions or made any statements regarding making mail forwarding arrangements for the new state LLCs.

the phrase 'YesCare, fka Corizon Health' be omitted from their response."  Complaint ¶ 122;[12]

- "On April 28, 2022, Corizon filed a *Certificate of Conversion of a Delaware Corporation to a Texas Corporation*, thereby converting Corizon from a Delaware corporation to a Texas Corporation….  Jeffrey Scott King, Corizon's Chief Legal Officer, signed this Certificate."  Complaint ¶ 125;

- "On April 28, 2022, Valitas Health Services, Inc. filed a *Certificate of Conversion of a Delaware Corporation to a Texas Corporation*, thereby converting Valitas Health Services, Inc. from a Delaware corporation to a Texas Corporation….  Jeffrey Scott King, Corizon's Chief Legal Officer, signed this Certificate."  Complaint ¶ 126; and

- "On May 3, 2022, Corizon filed a *Certificate of Merger Combination Merger Business Organization Code* with the Texas Secretary of State, reflecting a merger of Corizon Health, Inc., Valitas Health Services, Inc., Corizon, LLC, and Corizon Health of New Jersey, LLC, with Corizon Health, Inc. as the surviving entity….  Jeffrey Scott King, Corizon's Chief Legal Officer, signed this Certificate."  Complaint ¶ 127.

Based on the foregoing, Defendant King allegedly (i) pitched new RFPs on behalf of CHS AL, LLC and CHS AZ, LLC, (ii) signed a contract with ADOC on behalf of YesCare, (iii) made mail-forwarding arrangements, (iv) directed certain revisions to correspondence, and (v) signed various corporate certificates on behalf of Corizon effecting the Divisional Merger (collectively, the foregoing are referred to as the "King Actions").

20.    Despite the more numerous allegations referencing Defendant King, the Complaint's allegations fail to set forth a factual basis to connect the King Actions with most, if not all, of Plaintiffs' assertions underlying the Fiduciary Duty Claims, including, *inter alia*, that

- "Corizon Management diverted and exploited for their own benefit certain opportunities that should have been deemed assets of the Debtor.  Specifically, Corizon Management chose not to respond to RFPs on behalf of the Debtor …."  Complaint ¶ 295.—There are no allegations that Defendant King took the King Actions for his own benefit or that he personally chose not to respond to RFPs on behalf of the Debtor.

---

[12] Plaintiffs seemingly cite to Exhibit L to the Complaint as support for their allegation that Defendant King "asked that the phrase 'YesCare, fka Corizon Health' be omitted from their response."  There is no language in the emails comprising Exhibit L that contain any such request from Defendant King.

- "Corizon Management breached their fiduciary duties of care, loyalty, and good faith … [by] acting with intent to violate applicable law; … acting in intentional dereliction of duty; … failing to investigate and inform themselves of the medical malpractice issues plaguing Corizon and causing grievous injuries to Corizon's patients; … intentionally failing to act in the face of a known duty to act; … failing to adequately respond to and address longstanding medical malpractice issues; … diluting assets once insolvency and bankruptcy became inevitable; … engaging in a reckless and grossly negligent waste of corporate assets; … [and] mismanaging Corizon." Complaint ¶ 308.[13]—There are no allegations connecting the King actions with an intent to violate law, acting in intentional dereliction of duty, or in furtherance of any of the other alleged breaches set forth above.

- "Corizon Management breached their fiduciary duties of care, loyalty, and good faith … by ignoring and/or not taking prudent actions in the face of red flags … [by] causing Corizon to proceed with the divisional merger after learning of concerns with the Signature Accounts; … failing to timely take action concerning the Signature Accounts upon learning that only Mr. Lefkowitz could access that account; … causing the negative effects on Corizon and its liabilities by delaying addressing Corizon's medical malpractice problems; … [and] failing to promptly undertake corrective actions." Complaint ¶ 314.[14]—Again, there are no allegations connecting the King Actions with anything involving the Signature Accounts, a delay in addressing Corizon's purported medical malpractice problems, or a failure to undertake "corrective actions."

In the absence of specific allegations tying Defendant King and the King Actions to each of the asserted bases for relief set forth in the Fiduciary Duty Claims, Plaintiffs' allegations that Defendant King breached his fiduciary duties as a member of "Corizon Management" are conclusory; accordingly, Plaintiffs' Fiduciary Duty Claims against Defendant King should be dismissed.

21.     Because the Fiduciary Duty Claims set forth in the Complaint are pleaded on a theory of collective responsibility, are conclusory in nature, and fail to advise the Moving Defendants which of their alleged specific acts or omissions constituted a breach of their fiduciary

---

[13] In all, paragraph 308 of the Complaint sets forth 17 different alleged breaches by "Corizon Management"; the Moving Defendants highlight but a few for the sake of brevity and example.

[14] In all paragraph 314 of the Complaint sets forth six different alleged breaches by "Corizon Management"; the Moving Defendants highlight but a few for the sake of brevity and example.

duties or how those alleged acts or omissions tied to each of the asserted bases for relief set forth in the Fiduciary Duty Claims, the Fiduciary Duty Claims are implausible and do not allow the Court to draw the reasonable inference that Moving Defendants are liable under the asserted grounds for relief set forth in the Fiduciary Duty Claims; accordingly, the Fiduciary Duty Claims should be dismissed with prejudice.

### (iv)   *Plaintiffs Fee Claim Against the Moving Defendants Fails as a Matter of Law*

22.     Plaintiffs' Fee Claim should be dismissed as against the Moving Defendants because none of the Challenged Claims support the recovery of attorneys' fees.  In Texas, a prevailing party generally cannot recover attorneys' fees from an opposing party unless authorized by statute or contract.  *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). "This rule is so venerable and ubiquitous in American courts it is known as 'the American Rule.'" *Id*. at 310-11.  "As a corollary to that rule, it has long been recognized that [a] party may not recover its attorney's fees incurred in an action based on a tort claim."  *Bruce v. Cauthen*, 515 S.W.3d 495, 514 (Tex. App. 2017).

23.     As discussed, *supra*, Plaintiffs' Aiding and Abetting Claim is not recognized under Texas or federal law; however, even if such a claim did exist and Plaintiffs were successful in prosecuting it, aiding and abetting is a theory for enlarging the number of defendants sharing in liability for an underlying, independent cause of action.  *See Nettles v. GTECH Corp.*, 606 S.W.3d 726, 738 (Tex. 2020) ("Aiding and abetting and conspiracy are theories of derivative or vicarious liability…. These liability-spreading theories depend upon liability for an underlying tort, and they survive or fail alongside that tort.").  Neither 11 U.S.C. § 548 nor the recovery provisions of 11 U.S.C. § 550 provide statutory authority for the recovery of attorneys' fees in a fraudulent transfer action.  *See Aurzada v. Jenkins (In re Jenkins)*, 617 B.R. 91, 113 (Bankr. N.D. Tex. 2020)

("[N]either section 548 nor section 550 of the Bankruptcy Code provides for the recovery of attorneys' fees and expenses in a fraudulent transfer case."). And though TUFTA does contain a fee-shifting provision under section 24.013 of the Texas Business & Commerce Code granting the court discretion to award costs and reasonable attorneys' fees "as are equitable and just," this recovery is strictly limited to "any proceeding under this chapter." *See* TEX. BUS. & COMM. CODE § 24.013. Eligible fees are thus confined to those incurred for discrete legal work on a claim brought directly under TUFTA, such as actions to avoid a fraudulent transfer. Because aiding and abetting is a distinct, non-statutory theory of liability rather than a direct claim under TUFTA, it does not fall within the scope of section 24.013.

24.     Similarly, even if successful in prosecuting the Fiduciary Duty Claims, Plaintiffs cannot recover attorneys' fees from the Moving Defendants because "[b]reach of fiduciary duty is a tort claim for which attorney's fees generally may not be recovered." *Bruce*, 515 S.W.3d at 514; *see also DeNucci v. Matthews*, 463 S.W.3d 200, 209 (Tex. App. 2015) ("A prevailing party on a breach of fiduciary duty claim generally may not recover attorney's fees against an adversary to the claim.").[15]

25.     Accordingly, even if Plaintiffs prevail on the Aiding and Abetting Claim and the Fiduciary Duty Claims, because there is no contractual or statutory basis for Plaintiffs to recover attorneys' fees from the Moving Defendants, Plaintiffs' Fee Claim against the Moving Defendants should be dismissed with prejudice.

---

[15] Likewise, under Delaware law, a prevailing party is not generally entitled to an award of attorneys' fees for a claim of breach of fiduciary duty except in certain limited circumstances involving an egregious breach of the duty of loyalty. *See Sorrento Therapeutics, Inc. v. Mack*, 2025 Del. Ch. LEXIS 195, at *36-37 (Del. Ch. July 31, 2025).

**B.      In the Alternative, if the Fiduciary Duty Claims Are Not Dismissed, Plaintiffs Should Be Compelled to Amend the Complaint to Provide a More Definite Statement of the Fiduciary Duty Claims Against the Moving Defendants**

26.      In the alternative to the Moving Defendants' request for dismissal of the Fiduciary Duty Claims, Plaintiffs should be compelled to amend the Complaint to provide a more definite statement of the Fiduciary Duty Claims as against the Moving Defendants.

27.      FRCP 12(e) is made applicable in this Adversary Proceeding pursuant to Bankruptcy Rule 7012.   FRCP 12(e) allows a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  "The standard for evaluating a motion for more definite statement … is whether the complaint 'is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Fullen v. Galveston Indep. Sch. Dist.*, 2008 U.S. Dist. LEXIS 2535, at *11 (S.D. Tex. Jan. 14, 2008) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)).

28.      While motions for a more definite statement are generally disfavored, such relief may be appropriate where, as in the case *sub judice*, a complaint sets forth allegations against a group of defendants based on a theory of collective responsibility and those defendants did not act collectively.  *See, e.g.*, *Fareed v. City of Carrollton*, 2025 U.S. Dist. LEXIS 116222, at *16-19 (N.D. Tex. June 17, 2025) (granting City of Carrollton's motion for more definite statement where plaintiff alleged violations of her religious beliefs by both City of Carrollton officers and City of Irving officers on a collective basis because, among other things, plaintiff's complaint failed to give Carrollton notice of the specific allegations against it); *McKarry v. Dow Chem. Co.*, 2019 U.S. Dist. LEXIS 246133, at *8-9 (E.D. La. Apr. 19, 2019) (granting motion for more definite

statement where complaint grouped all named defendants together and generally asserted that all of them "owned, operated, managed, controlled, inspected, maintained, and repaired" railcar at issue); *see also Bitte v. United Cos. Lending Corp.*, 2006 U.S. Dist. LEXIS 98395, at *2-4 (E.D. La. Dec. 8, 2006) (granting motion for more definite statement concluding that plaintiff's amended complaint did not comply with the requirements of Rules 8 and 10 of the FRCP and "must provide enough detail and background information for the defendants to understand how and why Plaintiff believes that they have wronged her…. Plaintiff is to briefly explain 'who, what, when, where, why, and how' regarding the defendants' alleged wrongdoings.").

29. As set forth more fully, *supra*, the Fiduciary Duty Claims are pleaded on a theory of collective responsibility, are conclusory in nature, and fail to advise each of the Moving Defendants which of their alleged acts or omissions constituted a breach of their fiduciary duties and/or how those alleged acts or omissions tie to each of the asserted bases for relief set forth in the Fiduciary Duty Claims. Accordingly, because the Complaint fails to provide the Moving Defendants with adequate notice of the specific allegations under which Plaintiffs seek to hold them liable for the Fiduciary Duty Claims, Plaintiffs should be compelled to amend the Complaint to provide a more definite statement of the Fiduciary Duty Claims as against the Moving Defendants.

## IV.   **PRAYER**

WHEREFORE, the Moving Defendants respectfully request that the Court enter an order (i) granting the Motion, (ii) dismissing with prejudice the Challenged Claims asserted against the Moving Defendants in the Complaint or, in the alternative, (iii) compelling Plaintiffs to amend the Complaint to set forth a more definite statement of the Fiduciary Duty Claims asserted against the

Moving Defendants, and (iv) granting the Moving Defendants such further and additional relief to which they are justly entitled.

[*Remainder of Page Intentionally Blank*]

Dated: July 3, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Melissa S. Hayward*
    Melissa S. Hayward
    Texas Bar No. 24044908
    E-mail: MHayward@HaywardFirm.com
    Zachery Z. Annable
    Texas Bar No. 24053075
    E-mail: ZAnnable@HaywardFirm.com
    10501 Central Expy., Suite 106
    Dallas, Texas 75231
    (972) 755-7100 (telephone)
    (972) 755-7110 (facsimile)

**ATTORNEYS FOR DEFENDANTS
JENNIFER LYNNE FINGER, JEFFREY
SCOTT KING, BEVERLY MICHELLE RICE,
AND FRANK JEFFREY SHOLEY**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 3, 2026, true and correct copies of the foregoing Motion were served electronically on those parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Melissa S. Hayward*
Melissa S. Hayward
