**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TEHUM CARE SERVICES, INC. | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 23-90086 (CML) |
| | § | |
| | § | |
| MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUST, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE DEBTOR, | § § § § § § § | Adv. Pro. No. 26-03138 (CML) |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE 1018, LLC, PERIGROVE, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY, | § § § § § § § § § § § § | |
| | § | |
| Defendants. | § | |

**ANSWER TO COMPLAINT**

Defendant Yitzchak Lefkowitz a/k/a Isaac Lefkowitz ("Defendant" or "Lefkowitz"), by and through his undersigned attorneys, submit this Answer to the Complaint of Plaintiffs Matthew J. Dundon, solely in his capacity as the GUC Trustee of the GUC Trust, Michael Zimmerman, solely in his capacity as the PI/WD Trustee of the PI/WD Trust, and The Post-Effective Date Debtor (the "Debtor").

The headings, subheadings, or titles used in this Answer are included solely for convenience and to correspond generally to the allegations and organization of the Complaint. They are provided for reference purposes only and do not constitute, and should not be construed as, any admission, agreement, or characterization of the allegations, claims, or legal conclusions set forth in the Complaint.

## NATURE OF ACTION

1. Defendant Lefkowitz admits that a divisional merger occurred and that a plan of reorganization was confirmed in Tehum's Chapter 11 Case. Defendant Lefkowitz states that the Plan, Confirmation Order, Settlement Payment Schedule, Cure Agreement, default notices, and related filings in the Chapter 11 Case speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith and denies the remaining allegations in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 to the extent applicable to him.

## JURISDICTION AND VENUE

2. The allegations in Paragraphs 19, 20, 21, and 22 are conclusions of law to which no response is required. To the extent any response is required, Defendant Lefkowitz denies that this Court has core or continuing post-confirmation jurisdiction over the claims asserted against him, denies that the claims against him constitute core proceedings, and denies that he consents to the entry of final orders or judgment by the Bankruptcy Court to the extent such consent is required.

## PARTIES

3. Defendant Lefkowitz states that the Plan and Confirmation Order speak for themselves and are the best evidence of their contents, including with respect to the establishment of the trusts referenced in Paragraphs 23 through 25. Defendant Lefkowitz lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 23, 24, and 25 and therefore denies them.

4.      Defendant Lefkowitz admits that he appeared in Houston, Texas to testify in connection with the Chapter 11 Case. Defendant Lefkowitz states that the Confirmation Order and Cure Agreement speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent with their terms. Defendant Lefkowitz denies the remaining allegations in Paragraph 26.

5.      The allegations in Paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

## FACTUAL ALLEGATIONS

### I.      Corizon Health

6.      Defendant Lefkowitz admits that discussions occurred concerning a potential acquisition of certain businesses and that the Flacks Group sold certain equity interests in M2 LoanCo and M2 HoldCo to Perigrove 1018. Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 42, 43, 44, 45, and 46 and therefore denies the same.

### II.     Corizon Was a Mere Instrumentality

7.      Defendant Lefkowitz denies the allegations in Paragraphs 47 and 48.

#### A.      Consulting Agreement with Geneva Consulting, LLC

8.      Defendant Lefkowitz admits that he was a director of Geneva Consulting, LLC and Perigrove 1018. Defendant Lefkowitz denies the remaining allegations in Paragraph 49.

9.      Defendant Lefkowitz states that the referenced document in Paragraph 50 speaks

for itself and is the best evidence of its contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies any remaining allegations in Paragraph 50.

10.     Defendant Lefkowitz denies the allegations in Paragraphs 51, 52, and 53.

**B.     Signature Account / Transfers to M2 LoanCo**

11.     Defendant Lefkowitz denies the allegations in Paragraphs 54, 55, 56, and 57.

**C.     Other Perigrove 1018 and Lefkowitz-Related Parties**

12.     Defendant Lefkowitz denies the allegations in Paragraphs 58, 59, and 60.

**III.     Personal Injury and Wrongful Death Claims**

13.     Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies the same.

**A.     Daniel Allard**

14.     Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 62, 63, 64, and 65 and therefore denies the same.

**B.     David J. Hall**

15.     Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 66 and 67 and therefore denies the same.

**C.     Rachel Garwood**

16.     Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 68, 69, 70, 71, 72, and 73 and therefore denies the same.

**D.     Kohchise Jackson**

17.     Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as

4

to the truth of the allegations in Paragraphs 74, 75, 76, 77, and 78 and therefore denies the same.

**IV.      Commercial Claims**

18.      Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies the same.

**A.      St. Luke's Health System, Ltd.**

19.      Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 80, 81, and 82 and therefore denies the same.

**B.      Capital Region Medical Center**

20.      Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 83, 84, and 85 and therefore denies the same.

**C.      Maxin Healthcare Staffing Services, Inc.**

21.      Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 86 and 87 and therefore denies the same.

**D.      Saint Alphonsus Health System, Inc.**

22.      Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 88, 89, and 90 and therefore denies the same.

**V.      Project Orange**

23.      Defendant Lefkowitz denies the allegations in Paragraphs 91, 92, 93, 94, 95, and 96.

24.      Defendant Lefkowitz states that the presentation referenced in Paragraphs 97 and 98 speaks for itself and is the best evidence of its contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies any remaining allegations in Paragraphs 97 and 98.

25.     Defendant Lefkowitz denies the allegations in Paragraphs 99 and 100.

## VI.     Implementing the Fraud

26.     Defendant Lefkowitz denies the allegations in Paragraph 101.

### A.     The Creation of YesCare

27.     Defendant Lefkowitz states that the Certificate of Formation and 2022 Foreign Profit Corporation Annual Report referenced in Paragraphs 102 and 103 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies any remaining allegations in Paragraphs 102 and 103.

### B.     Funnel New Business to Newly Formed YesCare Entities

28.     Defendant Lefkowitz denies the allegations in Paragraphs 104, 105, and 106.

29.     Defendant Lefkowitz states that the February 11, 2022 email and March 22, 2022 proposal referenced in Paragraphs 107 and 108 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies any remaining allegations in Paragraphs 107 and 108.

30.     Defendant Lefkowitz denies the allegations in Paragraph 109.

31.     Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110. Defendant Lefkowitz denies any remaining allegations in Paragraph 110.

32.     Defendant Lefkowitz states that the ADOC announcements, proposal documents, contract documents, and related materials referenced in Paragraphs 111, 112, and 113 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations

in Paragraphs 111, 112, and 113.

33.     The allegations in Paragraph 114 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

34.     Defendant Lefkowitz states that the emails, IRS records, spreadsheet, and other documents referenced in Paragraphs 115, 116, and 117 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 115, 116, and 117.

35.     Defendant Lefkowitz states that the formation documents for CHS AL and CHS AZ speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies the remaining allegations in Paragraph 118.

36.     The allegations in Paragraph 119 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

37.     Defendant Lefkowitz states that the internal document and February 11, 2022 email referenced in Paragraphs 120, 121, and 122 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 120, 121, and 122.

C.     **The Divisional Merger**

38.     Defendant Lefkowitz denies the allegations in Paragraph 123.

39.     Defendant Lefkowitz states that the certificates, filings, Funding Agreement, UCC-1 Financing Statements, and related documents referenced in Paragraphs 124, 125, 126, 127, 128,

129, 130, 131, 132, 133, and 134 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, and 134.

40.     Defendant Lefkowitz admits that he is conversant in Hebrew. Defendant Lefkowitz denies that the name "Tehum" was selected because of, or bears, the meaning or significance alleged in Paragraph 135, and denies the remaining allegations therein.

41.     Defendant Lefkowitz denies the allegations in Paragraphs 136, 137, and 138.

**D.      The Fairness Opinion and Forged Bank Statement**

42.     Defendant Lefkowitz states that the Fairness Opinion referenced in Paragraphs 139 and 140 speaks for itself and is the best evidence of its contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 139 and 140.

43.     Defendant Lefkowitz denies the allegations in Paragraphs 141, 142, 143, 144, 145, and 146.

**VII.   YesCare as the Mere Continuation of Corizon**

44.     Defendant Lefkowitz denies the allegations in Paragraphs 147, 148, 149, and 150.

45.     Defendant Lefkowitz states that the emails and website materials referenced in Paragraphs 151, 152, 153, 154, and 155 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies any remaining allegations in Paragraphs 151, 152, 153, 154, and 155.

46.     Defendant Lefkowitz denies the allegations in Paragraph 156.

47.     Defendant Lefkowitz admits that Tehum commenced a bankruptcy proceeding.

Defendant Lefkowitz denies the remaining allegations in Paragraph 157.

**VIII.    Perigrove 1018 and Mr. Lefkowitz as Alter Egos of Corizon**

48.    Defendant Lefkowitz denies the allegations in Paragraph 158.

49.    Defendant Lefkowitz admits that he served as a director of Perigrove 1018, M2 LoanCo, M2 HoldCo, Valitás Intermediate Holdings, Valitás Health, and Corizon but denies he was the sole director or sole decision maker. Defendant Lefkowitz denies the remaining allegations in Paragraphs 159, 160, 161, and 162.

50.    Defendant Lefkowitz states that the Consulting Agreement referenced in Paragraph 163 speaks for itself and is the best evidence of its contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz admits that he served as a director of Geneva and Perigrove 1018. Defendant Lefkowitz denies the remaining allegations in Paragraph 163.

51.    Defendant Lefkowitz denies the allegations in Paragraph 164, 165, 166 and 167.

**IX.    Pre-Bankruptcy Litigation**

52.    Defendant Lefkowitz denies the allegations in Paragraph 168.

**A.    Litigation in Federal Court in the Eastern District of Michigan**

53.    The allegations in Paragraphs 169, 170, 171, 172, 173, and 174 appear to be directed to other parties, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

**B.    Litigation in the State Court of Missouri**

54.    Defendant Lefkowitz denies the allegations in Paragraphs 175, 176, 177, 178, 179, 180, and 181.

**X.    The Bankruptcy Case**

55.    Defendant Lefkowitz admits that on February 13, 2023, Tehum filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Defendant Lefkowitz denies the remaining allegations in Paragraph 182.

56.    Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies the same.

57.    Defendant Lefkowitz states that the applications, notices, declaration, letter, adversary complaint, and related filings in the Chapter 11 Case and related adversary proceeding referenced in Paragraphs 184, 185, 186, 187, 188, 189, 190, and 191 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 184, 185, 186, 187, 188, 189, 190, and 191.

58.    Defendant Lefkowitz denies the allegations in Paragraphs 192, 193, 194, 195, and 196.

**A.    The Insider DIP Loan**

59.    Defendant Lefkowitz states that the DIP Motion, DIP Loan, First Interim DIP Order, and related filings in the Chapter 11 Case referenced in Paragraphs 197 and 198 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 197 and 198.

60.    Defendant Lefkowitz admits only that he was a director of M2 LoanCo. Defendant Lefkowitz denies the remaining allegations in Paragraph 199.

**B.      The Senate Inquiry**

61.      Defendant Lefkowitz states that the letters referenced in Paragraphs 200, 201, and 202 speak for themselves. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 200, 201, and 202.

**C.      The Appointment of the Tort Claimants' Committee**

62.      Defendant Lefkowitz states that the Notice of Appointment of Committee of Tort Claimants referenced in Paragraph 203 speaks for itself and is the best evidence of its contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraph 203.

**D.      TCC and UCC Sponsored Chapter 11 Plan**

63.      Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 204 and 205 and therefore denies the same.

64.      Defendant Lefkowitz states that the Plan, Disclosure Statement, Solicitation Procedures, and related filings and notices in the Chapter 11 Case referenced in Paragraphs 206, 207, 208, 209, 210, 211, 212, 213, and 214 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies any remaining allegations in Paragraphs 206, 207, 208, 209, 210, 211, 212, 213, and 214.

65.      Defendant Lefkowitz denies the allegations in Paragraph 215.

66.      Defendant Lefkowitz states that the Plan, Plan Supplement, Settlement Payment Schedule, Confirmation Order, and related filings in the Chapter 11 Case referenced in Paragraphs 216, 217, 218, 219, 220, 221, 222, and 223 speak for themselves and are the best evidence of their

contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 216, 217, 218, 219, 220, 221, 222, and 223.

### E.        Solicitation and Plan Confirmation

67.        Defendant Lefkowitz states that the Solicitation Procedures Order, Solicitation Procedures, Tabulation Report, Confirmation Order, Plan, Notice of Effective Date, and related filings in the Chapter 11 Case referenced in Paragraphs 224, 225, 226, 227, 228, 229, and 230 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 224, 225, 226, 227, 228, 229, and 230.

## XI.        Post-Confirmation Litigation

68.        Defendant Lefkowitz lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and therefore denies the same.

69.        Defendant Lefkowitz admits that he appeared in connection with the Michigan action and invoked the Fifth Amendment privilege against self-incrimination. Defendant Lefkowitz denies the remaining allegations in Paragraph 232.

70.        Defendant Lefkowitz states that the filings, orders, transcript, verdict, and judgment in the Michigan action referenced in Paragraph 233 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraph 233.

71.        Defendant Lefkowitz states that the Bankruptcy Court's August 7, 2025 Order and related filings in the Chapter 11 Case referenced in Paragraph 234 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or

characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraph 234.

**XII.    Settlement Payment Default**

72.    Defendant Lefkowitz states that the Settlement Payment Schedule, Notice of Settlement Payment Default and Settlement Payment Default Cure Notice, Cure Agreement, Notice of Failure to Cure Settlement Payment Default, Confirmation Order, Plan, and related filings in the Chapter 11 Case referenced in Paragraphs 235, 236, 237, 238, 239, 240, 241, 242, 243, and 244 speak for themselves and are the best evidence of their contents. Defendant Lefkowitz denies any allegations or characterizations inconsistent therewith. Defendant Lefkowitz denies the remaining allegations in Paragraphs 235, 236, 237, 238, 239, 240, 241, 242, 243, and 244.

**COUNT I**
**Actual Fraudulent Transfer – Avoiding the Divisional Merger**
**Pursuant to 11 U.S.C. §§ 544(b)(1), 548(a)(1)(A), 550**
**and Applicable State Fraudulent Transfer Law**
**(Against CHS TX)**

73.    The allegations in Paragraph 245 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

74.    The allegations in Paragraphs 246, 247, 248, 249, and 250 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

13

## COUNT II
### Constructive Fraudulent Transfer – Avoiding the Divisional Merger
Pursuant to 11 U.S.C. §§ 544(b)(1), 548(a)(1)(B), 550
and Applicable State Fraudulent Transfer Law
(Against CHS TX)

75.     The allegations in Paragraph 251 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

76.     The allegations in Paragraphs 252, 253, 254, 255, 256, 257, and 258 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

## COUNT III
### Aiding & Abetting Fraudulent Transfer
(Against Mr. Lefkowitz, Ms. Tirschwell, and Mr. King)

77.     The allegations in Paragraph 259 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

78.     Defendant Lefkowitz denies the allegations in Paragraphs 260, 261, 262, 263, 264, 265, and 266.

## COUNT IV
### Actual Fraudulent Transfer – Avoiding Transfers to Geneva, M2 LoanCo, and
PharmaCorr Pursuant to 11 U.S.C. §§ 544(b)(1), 548(a)(1)(A), 550
and Applicable State Fraudulent Transfer Law
(Against Geneva, M2 LoanCo, and PharmaCorr)

79.     The allegations in Paragraph 267 are not factual allegations to which a response is

14

required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

80.     The allegations in Paragraphs 268, 269, 270, 271, 272, 273, and 274 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

## COUNT V
### Constructive Fraudulent Transfer – Avoiding Transfers to Geneva, M2 LoanCo, and PharmaCorr Pursuant to 11 U.S.C. §§ 544(b)(1), 548(a)(1)(B), 550 and Applicable State Fraudulent Transfer Law
### (Against Geneva, M2 LoanCo, and PharmaCorr)

81.     The allegations in Paragraph 275 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

82.     The allegations in Paragraphs 276, 277, 278, 279, 280, 281, 282, and 283 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

## COUNT VI
### Aiding & Abetting Fraudulent Transfer
### Payments to Geneva, M2 LoanCo, and PharmaCorr
### (Against Mr. Lefkowitz and the Lefkowitz Entities)

83.     The allegations in Paragraph 284 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his

responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

84.     Defendant Lefkowitz denies the allegations in Paragraphs 285, 286, 287, 288, 289, 290, and 291.

**COUNT VII**
**Breach of Fiduciary Duty—Misappropriation of Business Opportunities**
**(Against Corizon Management)**

85.     The allegations in Paragraph 292 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

86.     Defendant Lefkowitz denies the allegations in Paragraphs 293, 294, 295, 296, 297, 298, and 299.

**COUNT VIII**
**Breach of Fiduciary Duty**
**(Against Mr. Lefkowitz)**

87.     The allegations in Paragraph 300 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

88.     Defendant Lefkowitz denies the allegations in Paragraphs 301, 302, 303, 304, and 305.

## COUNT IX
### Breach of Fiduciary Duty
### (Against Corizon Management)

89. The allegations in Paragraph 306 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

90. The allegations in Paragraph 307 contain conclusions of law to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

91. Defendant Lefkowitz denies the allegations in Paragraphs 308 (including each subpart), 309, 310, and 311.

## COUNT X
### Breach of Fiduciary Duty—Red Flags
### (Against Corizon Management)

92. The allegations in Paragraph 312 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

93. The allegations in Paragraph 313 contain conclusions of law to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

94. Defendant Lefkowitz denies the allegations in Paragraphs 314 (including each subpart), 315, 316, and 317.

## COUNT XI
### Alter Ego
### (Against Mr. Lefkowitz)

95.    The allegations in Paragraph 318 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

96.    Defendant Lefkowitz denies the allegations in Paragraphs 319 (including each subpart), 320, 321, 322, 323, and 324.

## COUNT XII
### Veil Piercing
### (Against Perigrove, LLC)

97.    The allegations in Paragraph 325 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

98.    The allegations in Paragraphs 326, 327, 328, 329, and 330 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

## COUNT XIII
### Successor Liability
### (Against YesCare Corp.)

99.    The allegations in Paragraph 331 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his

responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

100.    The allegations in Paragraphs 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, and 342 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

**COUNT XIV**
**Successor Liability**
**(Against CHS TX, LLC)**

101.    The allegations in Paragraph 343 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

102.    The allegations in Paragraphs 344, 345, 346, 347, and 348 appear to be directed to other defendants, to which no response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

**COUNT XV**
**Breach of Contract**
**(Against the Settlement Parties)**

103.    The allegations in Paragraph 349 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

104.    The allegations in Paragraphs 350, 351, and 352 appear to be directed to other defendants, to which no response is required from Defendant Lefkowitz. To the extent any

response is required, Defendant Lefkowitz denies those allegations.

## COUNT XVI
### Attorney's Fees and Costs
### (Against All Defendants)

105.    The allegations in Paragraph 353 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz states that Plaintiffs' prior allegations speak for themselves. Defendant Lefkowitz further incorporates by reference his responses to all preceding paragraphs as though fully set forth herein, and denies any allegation to the extent it is asserted against Defendant Lefkowitz.

106.    Defendant Lefkowitz acknowledges that Plaintiffs are seeking an award of reasonable attorneys' fees and costs in Paragraph 354. Defendant Lefkowitz denies that Plaintiffs are entitled to the same.

## RESERVATION OF RIGHTS

107.    The allegations in Paragraph 355 are not factual allegations to which a response is required. To the extent any response is required, Defendant Lefkowitz denies the same.

## PRAYER FOR RELIEF

108.    In response to Plaintiffs' WHEREFORE clause under the heading "Prayer for Relief," Defendant Lefkowitz denies that Plaintiffs are entitled to any of the relief sought in Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise imposed by law, Defendant Lefkowitz asserts the following affirmative and additional defenses. By asserting these defenses, Defendant Lefkowitz does not admit any allegation of the Complaint or concede that any matter pleaded below is not otherwise the Plaintiffs' burden to prove.

20

**First Affirmative Defense**

1.      The Complaint, and each cause of action against Defendant Lefkowitz, fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

2.      The fraud-based allegations in the Complaint are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b), as made applicable by Federal Rule of Bankruptcy Procedure 7009.

**Third Affirmative Defense**

3.      The claims against Defendant Lefkowitz fail as a matter of law because neither Texas law nor the Bankruptcy Code recognizes an independent cause of action for aiding and abetting or conspiracy to effect a fraudulent transfer against a person who is not a transferee of the property at issue.

**Fourth Affirmative Defense**

4.      The claims against Defendant Lefkowitz are barred, in whole or in part, because Plaintiffs cannot satisfy the legal requirements necessary to impose liability on Defendant Lefkowitz under an alter ego, veil-piercing, or similar theory under applicable law.

**Fifth Affirmative Defense**

5.      The claims against Defendant Lefkowitz are barred, in whole or in part, by the business judgment rule.

**Sixth Affirmative Defense**

6.      To the extent the Complaint seeks monetary damages against Defendant Lefkowitz for an alleged breach of the duty of care in his capacity as a director, such claims are barred, in whole or in part, by any applicable exculpatory provision contained in the certificate of

incorporation of the applicable corporation for which Defendant Lefkowitz served as a director, to the fullest extent permitted by applicable law.

**Seventh Affirmative Defense**

7.      The claims against Defendant Lefkowitz are barred, in whole or in part, because Defendant Lefkowitz acted in good faith reliance upon corporate books and records and upon information, opinions, reports, and statements presented by officers, employees, legal counsel, accountants, financial advisors, and other persons whom Defendant Lefkowitz reasonably believed to be reliable and competent or had been selected with reasonable care, as permitted by applicable law.

**Eighth Affirmative Defense**

8.      To the extent the Complaint asserts a direct claim against Defendant Lefkowitz for breach of fiduciary duty owed directly to the Debtor's creditors, such claims fail as a matter of law because any fiduciary duties were owed to the corporation, and any creditor claims are derivative rather than direct.

**Ninth Affirmative Defense**

9.      The claims against Defendant Lefkowitz are barred, in whole or in part, by the applicable statute of limitations.

**Tenth Affirmative Defense**

10.     The claims against Defendant Lefkowitz are barred, in whole or in part, by the doctrine of in pari delicto.

**Eleventh Affirmative Defense**

11.     The claims against Defendant Lefkowitz are barred, in whole or in part, by the statute of repose.

**Twelfth Affirmative Defense**

12.     To the extent Plaintiffs seek to impose liability upon Defendant Lefkowitz derivative of any alleged fraudulent transfer, such claims are subject to all defenses, limitations, and protections available under the Bankruptcy Code and other applicable law.

**Thirteenth Affirmative Defense**

13.     The Complaint is barred, in whole or in part, by res judicata, collateral estoppel, judicial estoppel, and the preclusive effect of the Confirmation Order and related orders entered in the Chapter 11 Case.

**Fourteenth Affirmative Defense**

14.     The claims against Defendant Lefkowitz are barred, in whole or in part, by credit, setoff, recoupment, and the prohibition against double recovery. Any recovery must be reduced by payments, settlements, credits, reimbursements, or other compensation relating to the damages alleged.

**Fifteenth Affirmative Defense**

15.     The claims against Defendant Lefkowitz are barred, in whole or in part, by accord and satisfaction, compromise, settlement, release, waiver, and the confirmed Plan and related agreements.

**Sixteenth Affirmative Defense**

16.     The claims against Defendant Lefkowitz are barred, in whole or in part, to the extent Plaintiffs or their predecessors failed to mitigate damages or avoid reasonably avoidable losses.

**Seventeenth Affirmative Defense**

17.     The claims against Defendant Lefkowitz are barred, in whole or in part, because

the alleged conduct of Defendant Lefkowitz did not proximately cause the damages claimed.

**Eighteenth Affirmative Defense**

18.     This Adversary Proceeding is stayed against all defendants by virtue of the Chapter 11 cases commenced in the Middle District of Florida by YesCare Corp. and CHS TX, Inc. All claims against YesCare Corp. and CHS TX, Inc. are stayed by operation of law pursuant to 11 U.S.C. § 362(a). To the extent the automatic stay extends to claims asserted against Defendant Lefkowitz, those claims are likewise stayed under applicable law.

**Nineteenth Affirmative Defense**

19.     This Court lacks subject matter jurisdiction over some or all of the claims asserted against Defendant Lefkowitz, including because the Court lacks continuing post-confirmation jurisdiction over certain claims asserted against a non-debtor.

**Reservation of Additional Defenses**

20.     Defendant Lefkowitz reserves the right to amend these defenses and assert additional defenses as permitted by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Yitzchak Lefkowitz a/k/a Isaac Lefkowitz respectfully requests that the Court enter judgment in his favor, dismiss the Complaint with prejudice, award him his attorneys' fees and costs to the extent permitted by law, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: July 6, 2026

By */s/ Kimberly Dang*
Kimberly Dang
Texas Bar No. 24116246
100 South 5th Street, Suite 1500
Minneapolis, MN 55402–1254
Telephone: (612) 333–3000
Facsimile: (612) 333–8829
kdang@bassford.com

*Attorneys for Defendant*
*Yitzchak Lefkowitz a/k/a Isaac Lefkowitz*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court utilizing the CM/ECF system. I further certify that the CM/ECF system will send notification of such filing to any counsel of record who are registered CM/ECF participants.

/s/ *Kimberly Dang*
Kimberly Dang