United States Courts
Southern District of Texas
F I L E D

**JUL 29 2026**

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

TEHUM CARE SERVICES, INC.                    Adv. Proc. No. 26-03138

          Debtor.

MATTHEW J. DUNDON, solely in his capacity
as the GUC TRUSTEE of the GUC TRUST,
MICHAEL ZIMMERMAN, solely in his            **EMERGENCY MOTION**
capacity as the PI/WD TRUSTEE of the PI/WD   **FOR EXTENTION OF TIME**
TRUST, and THE POST-EFFECTIVE DATE           **TO ANSWER OR**
DEBTOR.                                      **OTHERWISE RESPOND TO**
          Plaintiffs        **COMPLAINT**

v.

YITZCHAK LEFKOWITZ a/k/a ISAAC
LEFKOWITZ, YESCARE CORP., CHS TX,
INC., GENEVA CONSULTING, LLC,
PERIGROVE, LLC, PERIGROVE 1018, LLC,
M2 HOLDCO, LLC, M2 LOANCO, LLC,
PHARMACORR LLC, SARA ANN
TIRSCHWELL, AYODEJI OLAWALE
LADELE, BEVERLY MICHELLE RICE,
JEFFREY SCOTT KING, JENNIFER LYNNE
FINGER, and FRANK JEFFREY SHOLEY,

          Defendants.

**EMERGENCY CONSIDERATION REQUESTED**

**EMERGENCY RELIEF IS REQUESTED NO LATER THAN 5:00 P.M. (CENTRAL
TILE) ON AUGUST 3, 2026.**

If you object to the relief requested or you believe that emergency consideration is not warranted,

you must appear at the hearing if one is set, or file a written response prior to the date that relief

is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as

unopposed and grant the relief requested.

Emergency relief is requested no later than August 3, 2026, because Plaintiffs have advised that they intend to seek a default against Defendant Sara Ann Tirschwell. Absent emergency relief, Ms. Tirschwell may suffer substantial prejudice through the possible entry of a default despite possessing meritorious defenses and despite acting promptly to correct a brief delay caused by excusable neglect.

1. Defendant Sara Ann Tirschwell ("Tirschwell"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), for a fourteen (14) day extension of the deadline to answer or otherwise respond to the Complaint, and in support thereof respectfully states as follows:

## RELIEF REQUESTED

A. Ms. Tirschwell seeks a fourteen (14) day extension of the deadline to answer or otherwise respond to the Complaint.

B. No default has been entered against Ms. Tirschwell.

C. The delay is minimal, was not willful, resulted from excusable neglect, and has caused no prejudice to Plaintiffs.

## FACTUAL BACKGROUND

2. The relevant facts are set forth in the supporting Declaration of Steven G. Storch attached hereto as Exhibit A and incorporated herein by reference.

3. In summary, Ms. Tirschwell reasonably believed that counsel had been retained to represent her in this adversary proceeding and that a response to the Complaint was being

prepared on her behalf. Mr. Storch likewise reasonably understood that counsel retained on behalf of multiple defendants would also represent Ms. Tirschwell.

4. Upon learning that no responsive pleading had been filed on Ms. Tirschwell's behalf and that substitute counsel would be required, Ms. Tirschwell acted promptly to prepare and submit a response to the Complaint.

5. Plaintiffs' counsel has declined to consent to the requested relief and has advised that Plaintiffs intend to seek a default.

6. No default has been entered.

7. Upon information and belief, some, but not all, defendants have appeared and responded to the Complaint through answers and motion practice, and this adversary proceeding remains in its early stages.

## ARGUMENT

**A. Rule 9006(b)(1) Permits Enlargement of Time After a Deadline Upon a Showing of Excusable Neglect.**

8. Federal Rule of Bankruptcy Procedure 9006(b)(1) authorizes the Court, in its discretion, to permit an act to be performed after expiration of a deadline where the failure to act resulted from excusable neglect.

9. The Supreme Court has held that the determination of excusable neglect is an equitable one that considers all relevant circumstances, including: (a) prejudice to the opposing party; (b) the length of the delay and its effect on the proceedings; (c) the reason for the delay; and (d) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**B. Excusable Neglect Exists Here.**

10. The delay was not the result of bad faith, gamesmanship, or an attempt to evade these proceedings. Rather, Ms. Tirschwell reasonably believed that counsel had been retained to represent her and to respond to the Complaint on her behalf.

11. Upon learning otherwise, she acted immediately to address the issue and prepare a responsive pleading. The delay at issue is measured in only a few days. No scheduling order will be affected, no discovery deadline will be impacted, and no substantive prejudice will be suffered by Plaintiffs. By contrast, denial of the requested relief could result in severe prejudice to Ms. Tirschwell through the possible entry of a default.

**C. The Requested Relief Is Consistent With The Strong Federal Policy Favoring Decisions On The Merits.**

12. Federal courts consistently recognize that defaults are disfavored and that disputes should be resolved on their merits whenever reasonably possible.

13. Courts within the Fifth Circuit consider, among other factors, whether any default was willful, whether prejudice exists, whether a meritorious defense may be presented, and whether the movant acted expeditiously upon discovery of the issue.

14. Each of those considerations favors relief here.

15. Because no default has been entered, the modest relief sought by Ms. Tirschwell is less extraordinary than relief routinely granted under Rule 55(c) to set aside an existing default.

16. Under these circumstances, the equities overwhelmingly favor permitting Ms. Tirschwell to file her Answer and defend this action on the merits.

**PRAYER**

**WHEREFORE**, Defendant Sara Ann Tirschwell respectfully requests that this Court enter an order granting this Motion and extending, by fourteen (14) days, the deadline for Ms. Tirschwell

4 of 5

to answer or otherwise respond to the Complaint, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

STORCH BYRNE LLP

By: Steven G. Storch
**Awaiting admission _pro hac_**
437 Madison Ave., 24th Fl.,
New York, NY 10022
212-931-1005
sstorch@storchbyrnelegal.com
_Attorneys for Defendant_
_Sara Ann Tirschwell_