IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

TEHUM CARE SERVICES, INC.

             Debtor.

MATTHEW J. DUNDON, solely in his capacity
as the GUC TRUSTEE of the GUC TRUST,
MICHAEL ZIMMERMAN, solely in his
capacity as the PI/WD TRUSTEE of the PI/WD
TRUST, and THE POST-EFFECTIVE DATE
DEBTOR.

             Plaintiffs

v.

YITZCHAK LEFKOWITZ a/k/a ISAAC
LEFKOWITZ, YESCARE CORP., CHS TX,
INC., GENEVA CONSULTING, LLC,
PERIGROVE, LLC, PERIGROVE 1018, LLC,
M2 HOLDCO, LLC, M2 LOANCO, LLC,
PHARMACORR LLC, SARA ANN
TIRSCHWELL, AYODEJI OLAWALE
LADELE, BEVERLY MICHELLE RICE,
JEFFREY SCOTT KING, JENNIFER LYNNE
FINGER, and FRANK JEFFREY SHOLEY,

             Defendants.

**DECLARATION OF
STEVEN G. STORCH**

Steven G. Storch submits this declaration in support of his application in support of the application of Sara Ann Tirschwell, and states under penalties of perjury as follows.

1.  I am an attorney licensed to practice in the State of New York, and the United States District Court for the Southern District of New York. I am in good standing in those jurisdictions and not subject to any disciplinary proceedings.

2.  I intend to seek leave to appear *pro hac vice* before this Court and will file for such admission in accordance with the rules of this Court.

3. This emergency application is made solely to preserve Ms. Tirschwell's rights pending my admission pro hac vice and/or the retention of local Texas counsel, and to obtain a fourteen (14) day extension of the deadline within which Ms. Tirschwell must respond to the Complaint.

4. I submit this Declaration in support of Ms. Tirschwell's Emergency Motion for a fourteen (14) day extension of time to answer the Complaint, so as to avoid the entry of a default and permit adjudication of this matter on its merits.

5. My office was served with a copy of the complaint in this proceeding *via* Federal Express on June 26, 2026, pursuant to this Court's order for substituted service entered on June 25, 2026. An answer to the complaint was due yesterday.

6. As set forth below there are sufficient grounds to afford the relief requested

7. I have attempted to resolve this issue with Eric Goodman, counsel for Matthew Dundon, but he has refused to grant any extension and has indicated that he intends to move for a default against Ms. Tirschwell in the "next day or two".

8. Sara Tirschwell has not attempted to avoid service or to avoid appearing before this court. Several months ago, on May 13, 2026, Ms. Tirschwell and I met *via* video conference with Eric Goodman, counsel for the Trustee, Matthew Dundon, the Trustee, and several other attorneys. During that call they indicated that they were unable to effect service on Ms. Tirschwell. She explained to them that she had been traveling outside the country.

9. Mr. Goodman announced that he was going to make a motion to the court seeking alternate service. I told him that would not be necessary because I would accept service on her behalf and I asked for 60-90 days to find counsel in Texas and to prepare a response to the 85-page complaint. Mr. Goodman said he would agree to that but only if Ms. Tirschwell would waive

any objections to jurisdiction or venue. I advised Mr. Goodman that we were not prepared to do that.

10. Mr. Goodman then stated that he was going to make an application to this court for substitute service. I asked that if he did so that he advise the Court of my offer to accept service. It is not clear to me that he did.

11. In any event, after being served with the complaint, Ms. Tirschwell proceeded to seek counsel. Pursuant to agreement, Scott King, General Counsel for YesCare, advised Ms. Tirschwell in writing that he had retained Melissa Hayward to represent all the individual defendants, except Isaac Lefkowitz, in this adversary proceeding. I wrote to Ms. Hayward to confirm this on July 17, 2026. I never heard that Ms. Tirschwell was not being represented. The fact of her representation was again confirmed by Mr. King's office just last week.

12. When I checked this court's docket this morning and did not see that any answer had been filed on behalf of Ms. Tirschwell, I called Ms. Hayward to find out the status. We spoke this afternoon and Ms. Hayward advised that she had determined several weeks ago there was a conflict in representing Ms. Tirschwell. That was the first time either Ms. Tirschwell or I heard of such a conflict.

13. Upon learning that no response had been filed on Ms. Tirschwell's behalf and that substitute counsel would be required, we immediately began preparing her Answer so that it could be filed with minimal delay.

14. Late today, I received an email message from Scott King which stated in pertinent part:

> While I did not expect that [Ms. Hayward] would decline representation, it's her decision to make. I believe she would have responded sooner to your letter dated July 17, but she was in trial last week.

15. I gathered from his email that he had been, likewise, unaware that Ms. Tirschwell was not being represented or, if he was aware, did not communicate that to me or Ms. Tirschwell.

16. It is respectfully submitted that excusable neglect exists here under FRCP 55 and FRBP 9006(b)(1) because Ms. Tirschwell had a reasonable basis to believe a response was being prepared on her behalf. In fact, a motion to dismiss was filed on behalf of the other defendants whom Scott King had indicated Ms. Hayward was representing. Furthermore, as soon as Ms. Tirschwell learned that no answer had been filed and that counsel previously expected to represent her would not do so, she acted immediately to rectify the situation and prepare a responsive pleading

17. There is no prejudice to the Plaintiff in this case. The requested relief concerns only a brief delay of a few days in filing an Answer, before any default has been entered and before Plaintiffs have altered their position in reliance upon the missed deadline. Motions to dismiss are now pending. It does not appear that all defendants have yet answered.

18. Federal Rule of Civil Procedure 55, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7055, reflects the longstanding preference that cases be resolved on their merits rather than through procedural default. Under Rule 55(c), a court may set aside an entry of default for "good cause." In addition, Federal Rule of Bankruptcy Procedure 9006(b)(1) permits the Court, upon a showing of excusable neglect, to enlarge the time for a party to act after the expiration of a deadline. The Supreme Court has made clear that the determination of excusable neglect is an equitable one that takes into account all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its impact on the proceedings, the reason for the delay, and whether the movant

acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

19. Courts within the Fifth Circuit likewise consider, among other factors, whether the default was willful, whether setting it aside would prejudice the opposing party, whether the movant has a meritorious defense, and whether the movant acted expeditiously to correct the default. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292–93 (5th Cir. 2000). The Fifth Circuit has repeatedly recognized that defaults and default judgments are disfavored and that doubts should generally be resolved in favor of adjudicating disputes on the merits. Id. The Fifth Circuit has further recognized that procedural errors resulting in minimal delay and little or no prejudice should not deprive a party of the opportunity to present substantive defenses, particularly where the party acts promptly to correct the omission. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279–81 (5th Cir. 1985).

20. Here, because no default has yet been entered, Ms. Tirschwell seeks relief that is less extraordinary than relief routinely granted under Rule 55(c). She acted promptly upon learning that no response had been filed on her behalf, her failure to answer was not willful, Plaintiffs will suffer no prejudice from a brief extension, and she intends to assert substantial defenses to the Complaint. Moreover, the circumstances giving rise to the missed deadline were the product of a good-faith misunderstanding concerning representation, not any attempt to evade these proceedings. Under these circumstances, good cause exists under Rule 55(c), and the equities overwhelmingly support a finding of excusable neglect under Rule 9006(b)(1). Particularly where the proposed delay is measured in only days rather than weeks or months, the relevant factors overwhelmingly favor permitting the matter to proceed on the merits.

Respectfully, granting a short extension of time is appropriate and consistent with the strong federal policy favoring resolution of disputes on their merits.

21. Accordingly, Ms. Tirschwell is not seeking to vacate an existing entry of default. No default has yet been entered. Rather, she seeks an additional 14 days to file her answer despite the brief delay following the applicable deadline. The Answer is being prepared and will be filed promptly upon entry of the requested relief. Because courts routinely set aside even entered defaults upon a showing of good cause, the lesser relief requested here—a brief extension before any default has been entered—is plainly warranted.

Respectfully Submitted

Steven G. Storch
**Awaiting admission *pro hac vice***

cc: Counsel of record (*via* eFile)

## CERTIFICATE OF ACCURACY

I, Steven G. Storch, hereby certify on the 28th day of July, 2026, that pursuant to Local Rule 9013-1(i), the foregoing statements regarding the nature of the emergency set forth in the foregoing Emergency Motion are true and accurate to the best of my knowledge.

Steven G. Storch