### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TEHUM CARE SERVICES, INC.,[1] | ) Case No. 23-90086 (CML) |
| | ) |
| Debtor. | ) |
| | ) |
| MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUST, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE DEBTOR, | ) ) ) ) ) Adv. Pro. No. 26-03138 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY, | ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT AYODEJI OLAWALE LADELE'S MOTION (I) TO DISMISS PLAINTIFFS' COUNTS VII, IX, X, AND XVI FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, (II) FOR A MORE DEFINITE STATEMENT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST**

---

[1] The last four digits of the Debtor's federal tax identification number are 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

---

**FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Ayodeji Olawale Ladele ("Defendant"), defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through his undersigned counsel, files this motion (the "Motion") seeking entry of an order (i) dismissing with prejudice Counts VII, IX, X, and XVI (collectively, the "Challenged Claims") asserted against Defendant in the *Complaint* [Docket No. 1] (the "Complaint")[2] of plaintiffs Matthew J. Dundon, solely in his capacity as the GUC Trustee of the GUC Trust, Michael Zimmerman, solely in his capacity as the PI/WD Trustee of the PI/WD Trust, and the Post-Effective Date Debtor (together, "Plaintiffs"), or in the alternative, (ii) compelling Plaintiffs to amend the Complaint to present a more definite statement of the Fiduciary Duty Claims[3] asserted against Defendant.  In support of the Motion, Defendant respectfully states the following:

## I.     STATEMENT PURSUANT TO BANKRUPTCY RULE 7012

1.      Defendant respectfully does not consent to the entry of a final order or judgment by the Court in this Adversary Proceeding if it is determined that this Court, absent consent of the

---

[2] Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Complaint.

[3] The "Fiduciary Duty Claims" collectively comprise the claims set forth against Defendant in Count VII, Count IX, and Count X of the Complaint.

---

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  FED. R. BANKR. P. 7012(b).

## II.     PROCEDURAL BACKGROUND

2.     On April 27, 2026, Plaintiffs commenced the Adversary Proceeding by filing the Complaint.

3.     The Complaint asserts 16 causes of action against 15 defendants and is 83 pages long; however, only four causes of action—the Challenged Claims—involve Defendant.  The Challenged Claims are described as follows:

- Count VII—Breach of Fiduciary Duty—Misappropriation of Business Opportunities: This claim is asserted against "Corizon Management" collectively;[4]

- Count IX—Breach of Fiduciary Duty:  This claim is asserted against Corizon Management collectively;

- Count X—Breach of Fiduciary Duty—Red Flags:  This claim is asserted against Corizon Management collectively; and

- Count XVI—Attorney's Fees and Costs (the "Fee Claim"):  This claim is asserted collectively against all defendants named in the Complaint.

*See* Complaint ¶¶ 292-99, 306-17, and 353-54.

4.     Defendant's deadline to answer or otherwise respond to the allegations in the Complaint is July 31, 2026.  Accordingly, this Motion is timely filed.

## III.     ARGUMENT

**A.     Dismissal of Plaintiffs' Challenged Claims Against Defendant Is Appropriate Because the Challenged Claims Fail to State Plausible Claims for Relief**

5.     Plaintiffs' Complaint fails to state any plausible claims for relief against Defendant.

---

[4] The term "Corizon Management" is defined in the Complaint as including, collectively, Yitzchak Lefkowitz a/k/a Isaac Lefkowitz ("Mr. Lefkowitz"), Sara Ann Tirschwell, Beverly Michelle Rice, Jeffrey Scott King, Jennifer Lynn Finger, Frank Jeffrey Sholey, and Defendant.

Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), made applicable in this Adversary Proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Plaintiffs' Challenged Claims against Defendant should be dismissed with prejudice.

### (i)      Legal Standard for Evaluating a Complaint Facing a Motion to Dismiss

6.      To survive a motion to dismiss pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556).  "In other words, the standard requires more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Childers v. Lifestyles Unlimited, Inc.*, 2023 U.S. Dist. LEXIS 101475, at *3 (N.D. Tex. June 12, 2023) (quoting *Iqbal*, 556 U.S. at 678).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "[A] complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'"  *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555).  The court should "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *See id*. (internal quotation marks omitted).

7.      The Supreme Court has established a two-step approach for evaluating the

sufficiency of a complaint.  First, the court should "identify any allegations . . . that are conclusory, as these will not be afforded a presumption of truth." *Johnson v. E. Baton Rouge Fed'n of Teachers*, 706 F. App'x 169, 170 (5th Cir. 2017).  Second, the court "analyze[s] the remaining factual allegations to determine if, when presumed true, they add up to a violation of the law." *Id*. "Dismissal is appropriate where the complaint is devoid of facts to establish any one of the required elements of the claim asserted." *Barnett v. Am. Gen. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 164546, at *8 (W.D. Tex. Oct. 7, 2010) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).  "But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable." *Cubas v. St. James Parish Sch. Bd.*, 2021 U.S. Dist. LEXIS 62133, at *15 (E.D. La. Mar. 31, 2021) (citing *Shandong Yinguang Chem Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam)).

8.        "When reviewing a motion to dismiss, [the] . . . court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (stating that court may consider "documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").  "Documents are central [to a plaintiff's claims] when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

### (ii)    Plaintiffs' Fiduciary Duty Claims Against Defendant Should Be Dismissed Due to Impermissible Group Pleading

9.        Under Texas law, the elements of a claim for breach of fiduciary duty are generally

"(1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).[5] Plaintiffs' Fiduciary Duty Claims against Defendant should be dismissed because they fail to specify with sufficient detail the individual acts or omissions of Defendant and/or how those alleged acts or omissions tie to each of the asserted bases for relief underlying the Fiduciary Duty Claims. Instead, Plaintiffs rely on impermissible consolidated and conclusory allegations against "Corizon Management."

10.     A complaint must provide each defendant with fair notice of the plaintiff's claim. *See* FED. R. CIV. P. 8(a). "Group pleading" against multiple defendants is insufficient; "[b]ecause federal pleading requirements 'entitle *each defendant* to know what he or she did that is asserted to be wrongful, allegations based on a theory of collective responsibility cannot withstand a motion to dismiss.'" *Childers*, 2023 U.S. Dist. LEXIS 101475, at *8 (quoting *Tow v. Bulmahn*, 2016 U.S. Dist. LEXIS 57396, at *52 (E.D. La. Apr. 29, 2016), *aff'd sub nom.*, *Tow v. Bulmahn* (*In re ATP Oil & Gas Corp.)*, 711 F. App'x 216 (5th Cir. 2017)) (dismissing plaintiff's complaint for, among other grounds, impermissible group pleading where plaintiff collectively referred to defendants as a singular entity); *see also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss.").

11.     The Fiduciary Duty Claims are all asserted against "Corizon Management" collectively for alleged breaches of fiduciary duty. None of the Fiduciary Duty Claims specify

---

[5] Plaintiffs' Fiduciary Duty Claims set forth in the Complaint fail to identify which state's law Plaintiffs rely on. Defendant sets forth above the elements for a claim of breach of fiduciary duty under Texas law; however, even if the Plaintiffs' Fiduciary Duty Claims are made under Delaware law, they still fail for the reasons set forth herein.

which defendant took which of the complained-of actions underlying the Fiduciary Duty Claims. *See* Complaint ¶¶ 292-99 and 306-17.  Instead, the Fiduciary Duty Claims refer to the actions of Corizon Management on a collective basis.  *See, e.g.*, Complaint ¶ 295 ("Corizon Management diverted and exploited for their own benefit certain opportunities that should have been deemed assets of the Debtor…. Corizon Management chose not to respond to RFPs on behalf of the Debtor"); ¶ 308 ("Corizon Management breached their fiduciary duties of care, loyalty, and good faith … [by] knowingly and intentionally funneling business opportunities away from Corizon"); and ¶ 314 ("Corizon Management breached their fiduciary duties of care, loyalty, and good faith … by ignoring and/or not taking prudent actions in the face of red flags … [by] causing Corizon to proceed with the divisional merger after learning of concerns with the Signature Accounts").

12.     As is clear from a reading of the the "Factual Allegations" section of the Complaint, not all members of "Corizon Management" committed the same alleged acts or omission.  While the alleged actions of some members of Corizon Management are discussed in detail—*e.g.*, the alleged actions of Mr. Lefkowitz—the Complaint identifies *no specific actions* taken by Defendant.  Beyond identifying Defendant in the "Parties" section of the Complaint,[6] the only other references to Defendant in the Complaint are as follows:

- "The 2022 *Foreign Profit Corporation Annual Report* for Corizon dated April 19, 2022, identifies the following individuals as officers or directors of Corizon: … Ayodeji Ladele, M.D. (CMO) ….  Complaint ¶ 103;

- "There was a continuity of management.  Following the Divisional Merger, in May of 2022, … (b) Ayodeji Olawale Ladele, the former Executive Vice President and Chief Medical Officer for Corizon, became the Executive Vice President and Chief Medical Officer for YesCare …."  Complaint ¶¶ 148, 335 (the same language appears in both paragraphs); and

- "On November 15, 2023, YesCare, through its counsel at Akin Gump Strauss Hauer &

---

[6] *See* Complaint ¶ 36.

Feld LLP, responded to the Senate Letter…. In its response, YesCare asserted that its executive leadership team included the following individuals: … Dr. Gregory Ladele, Chief Medical Officer." Complaint ¶ 201.

In the absence of any allegations specifying the acts or omissions by Defendant which purportedly constituted a breach of his fiduciary duties and how those alleged breaches caused injury to Corizon or any other party,[7] Plaintiffs' allegations that Defendant breached his fiduciary duties as a member of "Corizon Management" are wholly conclusory and fail to state plausible claims; accordingly, Plaintiffs' Fiduciary Duty Claims against Defendant should be dismissed. *See Tow*, 2016 U.S. Dist. LEXIS 57396, at *51-53 (dismissing claims for breach of fiduciary duty against four officer defendants collectively referred to with a large group of other defendants where complaint failed to provide single allegation of fact specific to the officer defendants and failed to plead a factual basis for the allegation that officer defendants shared collective responsibility for challenged decisions).

13. Because the Fiduciary Duty Claims set forth in the Complaint are pleaded on a theory of collective responsibility, are conclusory in nature, and fail to advise Defendant which of his alleged specific acts or omissions constituted a breach of his fiduciary duties or how those alleged acts or omissions tied to each of the asserted bases for relief set forth in the Fiduciary Duty Claims, the Fiduciary Duty Claims are implausible and do not allow the Court to draw the reasonable inference that Defendant is liable under the asserted grounds for relief set forth in the Fiduciary Duty Claims; accordingly, the Fiduciary Duty Claims should be dismissed with prejudice.

---

[7] To the extent Plaintiffs are asserting claims for alleged breaches of fiduciary duties to Corizon's creditors, such claims should be dismissed because Plaintiffs failed to include anything more than conclusory allegations of insolvency in the Complaint. *See ATP Oil & Gas*, 711 F. App'x at 223 (upholding district court's dismissal of trustee's fraudulent transfer claims where trustee made conclusory assertion that transferor was insolvent at time of transfers but failed to present any financial data showing transferor was actually insolvent).

---

### *(iii)    Plaintiffs Fee Claim Against Defendant Fails as a Matter of Law*

14.     Plaintiffs' Fee Claim should be dismissed as against Defendant because none of the Fiduciary Duty Claims support the recovery of attorneys' fees.  In Texas, a prevailing party generally cannot recover attorneys' fees from an opposing party unless authorized by statute or contract.  *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006).  "This rule is so venerable and ubiquitous in American courts it is known as 'the American Rule.'"  *Id*. at 310-11.  "As a corollary to that rule, it has long been recognized that [a] party may not recover its attorney's fees incurred in an action based on a tort claim."  *Bruce v. Cauthen*, 515 S.W.3d 495, 514 (Tex. App. 2017).

15.     Even if successful in prosecuting the Fiduciary Duty Claims, Plaintiffs cannot recover attorneys' fees from Defendant because "[b]reach of fiduciary duty is a tort claim for which attorney's fees generally may not be recovered."  *Bruce*, 515 S.W.3d at 514; *see also DeNucci v. Matthews*, 463 S.W.3d 200, 209 (Tex. App. 2015) ("A prevailing party on a breach of fiduciary duty claim generally may not recover attorney's fees against an adversary to the claim.").[8]  Accordingly, even if Plaintiffs prevail on the Fiduciary Duty Claims, because there is no contractual or statutory basis for Plaintiffs to recover attorneys' fees from Defendant, Plaintiffs' Fee Claim against Defendant should be dismissed with prejudice.

**B.    In the Alternative, if the Fiduciary Duty Claims Are Not Dismissed, Plaintiffs Should Be Compelled to Amend the Complaint to Provide a More Definite Statement of the Fiduciary Duty Claims Against Defendant**

16.     In the alternative to Defendant's request for dismissal of the Fiduciary Duty Claims, Plaintiffs should be compelled to amend the Complaint to provide a more definite statement of the

---

[8] Likewise, under Delaware law, a prevailing party is not generally entitled to an award of attorneys' fees for a claim of breach of fiduciary duty except in certain limited circumstances involving an egregious breach of the duty of loyalty. *See Sorrento Therapeutics, Inc. v. Mack*, 2025 Del. Ch. LEXIS 195, at *36-37 (Del. Ch. July 31, 2025).

Fiduciary Duty Claims as against Defendant.

17.     FRCP 12(e) is made applicable in this Adversary Proceeding pursuant to Bankruptcy Rule 7012.   FRCP 12(e) allows a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  "The standard for evaluating a motion for more definite statement … is whether the complaint 'is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Fullen v. Galveston Indep. Sch. Dist.*, 2008 U.S. Dist. LEXIS 2535, at *11 (S.D. Tex. Jan. 14, 2008) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)).

18.     While motions for a more definite statement are generally disfavored, such relief may be appropriate where, as in the case *sub judice*, a complaint sets forth allegations against a group of defendants based on a theory of collective responsibility and those defendants did not act collectively.  *See, e.g.*, *Fareed v. City of Carrollton*, 2025 U.S. Dist. LEXIS 116222, at *16-19 (N.D. Tex. June 17, 2025) (granting City of Carrollton's motion for more definite statement where plaintiff alleged violations of her religious beliefs by both City of Carrollton officers and City of Irving officers on a collective basis because, among other things, plaintiff's complaint failed to give Carrollton notice of the specific allegations against it); *McKarry v. Dow Chem. Co.*, 2019 U.S. Dist. LEXIS 246133, at *8-9 (E.D. La. Apr. 19, 2019) (granting motion for more definite statement where complaint grouped all named defendants together and generally asserted that all of them "owned, operated, managed, controlled, inspected, maintained, and repaired" railcar at issue); *see also Bitte v. United Cos. Lending Corp.*, 2006 U.S. Dist. LEXIS 98395, at *2-4 (E.D. La. Dec. 8, 2006) (granting motion for more definite statement concluding that plaintiff's amended

complaint did not comply with the requirements of Rules 8 and 10 of the FRCP and "must provide enough detail and background information for the defendants to understand how and why Plaintiff believes that they have wronged her…. Plaintiff is to briefly explain 'who, what, when, where, why, and how' regarding the defendants' alleged wrongdoings.").

19.    As set forth more fully, *supra*, the Fiduciary Duty Claims are pleaded on a theory of collective responsibility, are conclusory in nature, and fail to advise Defendant which of his alleged acts or omissions constituted a breach of his fiduciary duties and/or how those alleged acts or omissions tie to each of the asserted bases for relief set forth in the Fiduciary Duty Claims. Accordingly, because the Complaint fails to provide Defendant with adequate notice of the specific allegations under which Plaintiffs seek to hold him liable for the Fiduciary Duty Claims, Plaintiffs should be compelled to amend the Complaint to provide a more definite statement of the Fiduciary Duty Claims as against Defendant.

## IV.    **PRAYER**

WHEREFORE, Defendant respectfully requests that the Court enter an order (i) granting the Motion, (ii) dismissing with prejudice the Challenged Claims asserted against Defendant in the Complaint or, in the alternative, (iii) compelling Plaintiffs to amend the Complaint to set forth a more definite statement of the Fiduciary Duty Claims asserted against Defendant, and (iv) granting Defendant such further and additional relief to which he is justly entitled.

[*Remainder of Page Intentionally Blank*]

Dated: July 31, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Melissa S. Hayward*
    Melissa S. Hayward
    Texas Bar No. 24044908
    E-mail: MHayward@HaywardFirm.com
    Zachery Z. Annable
    Texas Bar No. 24053075
    E-mail: ZAnnable@HaywardFirm.com
    10501 Central Expy., Suite 106
    Dallas, Texas 75231
    (972) 755-7100 (telephone)
    (972) 755-7110 (facsimile)

**ATTORNEYS FOR DEFENDANT**
**AYODEJI OLAWALE LADELE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 31, 2026, true and correct copies of the foregoing Motion were served electronically on those parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Melissa S. Hayward*
Melissa S. Hayward