**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEHUM CARE SERVICES, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 23-90086 (CML) |
| | ) | |
| ──────────────────── | ) | |
| | ) | |
| MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUST, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE DEBTOR, | ) ) ) ) ) ) | Adv. Pro. No. 26-03138 (CML) |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT SARA ANN
TIRSCHWELL'S EMERGENCY MOTION FOR EXTENSION OF
<u>TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT</u>**

---

[1]   The last four digits of the Debtor's federal tax identification number are 8853.  The Debtor's service address is:  205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

Plaintiffs Matthew J. Dundon, solely in his capacity as GUC Trustee[2] of the GUC Trust, Michael Zimmerman, solely in his capacity as PI/WD Trustee of the PI/WD Trust, and the Post-Effective Date Debtor (collectively, the "Plaintiffs"), by and through their undersigned counsel, file this Response (the "Response") to Defendant Sara Ann Tirschwell's *Emergency Motion For Extension of Time to Answer or Otherwise Respond to Complaint*. *See* Dkt. No. 33 (the "Motion"). In support of this Response, the Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

1.      On July 29, 2026, after the applicable deadline to submit a responsive pleading had passed, Steven G. Storch, counsel for Defendant Sara Ann Tirschwell ("Ms. Tirschwell"), filed the Motion together with the Declaration of Steven G. Storch, in support thereof (*see* Dkt. No. 33-1 (the "Storch Declaration")), seeking an emergency extension of fourteen (14) days to answer or otherwise respond to the Complaint (*see* Motion at ¶ 1).  Ms. Tirschwell's request lacks good cause under Bankruptcy Rule 9006(b) and is not justified by excusable neglect.

2.      Ms. Tirschwell had actual and sufficient notice of the claims set forth in the Complaint well before the applicable deadline to submit a responsive pleading.  Any urgency or delay is entirely self-created by Ms. Tirschwell, and the Court should not cure Ms. Tirschwell's election not to file a timely responsive pleading.  Accordingly, the Motion should be denied.

## BACKGROUND

3.      Additional facts are set forth in the supporting *Declaration in Support of Plaintiffs' Response to Defendant Sara Ann Tirschwell's Emergency Motion for Extension of Time to Answer or Otherwise Respond to Complaint*, attached hereto as **Exhibit A** (the "Response Declaration").

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings given to them in the *First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* (Bankr. Dkt. No. 2014 at Ex. B) (the "Plan").

4.      On April 27, 2026, Plaintiffs filed a *Complaint* against Ms. Tirschwell and other Defendants.  *See* Dkt. No. 1 (the "Complaint"); Response Decl. at ¶ 3.  On May 4, 2026, the Clerk of the Court issued a summons on Ms. Tirschwell.  *See* Dkt No. 3; Response Decl. at ¶ 4.

5.      On May 5, 2026, and again on May 8, 2026, a process server attempted to serve Ms. Tirschwell at her residence.  *See* Dkt. No. 7, Ex. B.  However, the concierge at Ms. Tirschwell's apartment building informed the process server that repeated attempts to serve Ms. Tirschwell at her residence, absent Ms. Tirschwell's consent, would be futile.  *Id.*

6.      On May 9, 2026, Plaintiff Matthew J. Dundon received an email from Ms. Tirschwell introducing Mr. Storch as her attorney.  *See* **Exhibit B**; Response Decl. at ¶ 5.

7.      On May 11, 2026, Plaintiffs' counsel emailed Mr. Storch a copy of the Complaint and the May 4th summons.  *See* **Exhibit C**; Response Decl. at ¶ 6.  Mr. Storch elected not to accept the emailed summons and Complaint as service under the conditions set forth by Plaintiffs.

8.      On May 21, 2026, Plaintiffs moved the Court for leave to alternatively serve Ms. Tirschwell by and through her attorney, Mr. Storch, at his law office located at 437 Madison Avenue, 24th Floor, New York, NY 10022.  *See* Dkt. No. 7; Response Decl. at ¶ 7.  Ms. Tirschwell did not object to this motion for alternative service.  *See* Response Decl. at ¶ 7.

9.      On June 23, 2026, Plaintiffs filed a *Certificate of No Objection*, informing the Court that Ms. Tirschwell had not objected to Plaintiffs' motion for alternative service, and requested that the Court enter the proposed order attached thereto.  *See* Dkt. No. 19; Response Decl. at ¶ 8.

10.      On June 25, 2026, the Court issued its *Order Authorizing Alternative Service on Defendant Sara Ann Tirschwell* (*see* Dkt. No. 20 (the "Alternative Service Order")), and on June 26, 2026, the Clerk of the Court issued a summons on Ms. Tirschwell to the address of her attorney, Mr. Storch (*see* Dkt. No. 22 (the "Summons"); Response Decl. at ¶ 9).

11. On June 29, 2026, in accordance with Bankruptcy Rule 7004 and the terms of the Alternative Service Order, the Plaintiffs effectuated service of process of the Summons, the Complaint, and the Alternative Service Order, on Ms. Tirschwell by first class mail postage prepaid to Ms. Tirschwell's attorney's address at Storch Byrne LLP, Attn: Steven Storch, 437 Madison Avenue, 24th Floor, New York, NY 10022. *See* Dkt. No. 32; Response Decl. at ¶¶ 9-10.

12. The Alternative Service Order does not include an alternate deadline for filing an answer or motion in response to the Complaint (*see* Dkt. No. 20), and the Court has not otherwise fixed an alternative deadline or schedule for Ms. Tirschwell's responsive pleading. Pursuant to Bankruptcy Rule 7012, Ms. Tirschwell's responsive pleading was due within thirty (30) days after issuance of the Summons. As modified by Bankruptcy Rule 9006, Ms. Tirschwell's responsive pleading was due Monday, July 27, 2026.

13. On July 29, 2026, ***seventy-nine (79) days*** after her counsel received a copy of the May 4th summons and the Complaint via email, and after the applicable deadline through service of the Summons, Complaint, and Alternative Service Order had run, Ms. Tirschwell filed her Motion seeking an additional fourteen (14) days to file a responsive pleading. *See* Motion at ¶ 1.

## ARGUMENT

### I. Ms. Tirschwell Has Not Shown Cause Under Bankruptcy Rule 9006(b)(1)

14. Ms. Tirschwell's failure to timely file a responsive pleading is not derived from excusable neglect. Under Bankruptcy Rule 9006(b)(1)(B), the Court may extend a time period which has already expired if the failure to act within that period resulted from excusable neglect.

15. In *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* the Supreme Court outlined four factors for consideration of whether excusable neglect exists: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial

4

proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  507 U.S. 380, 395 (1993).

16.     In *In re CJ Holding Co.*, the Fifth Circuit defined "excusable neglect" as "the failure to timely perform a duty due to circumstances that were *beyond the reasonable control* of the person whose duty it was to perform."[3]  Further, "[t]he Fifth Circuit has held that, 'lack of diligence can . . . cast doubt on a claim of good faith.'"[4]  The movant bears the burden of establishing excusable neglect.  *See CJ Holding*, 27 F.4th at 1112; *Kheir*, 2025 WL 3221629, at *8.

17.     Ms. Tirschwell bases her claim of excusable neglect on her assertion that she erroneously believed that she was represented by Melissa S. Hayward, counsel for Ms. Rice, Mr. King, Ms. Finger, and Mr. Sholey.  Motion at ¶¶ 2-3 & 10; Storch Decl. at ¶¶ 11-12.

18.     Ms. Tirschwell tries to establish this belief through a correspondence with co-defendant Mr. King, who serves as YesCare's General Counsel.  Motion at ¶¶ 2 & 10; Storch Decl. at ¶ 11.  The Motion, however, is silent as to (a) when this correspondence occurred; (b) whether Ms. Tirschwell had any correspondence with Ms. Hayward; (c) whether Ms. Tirschwell received and agreed to a representation agreement with Ms. Hayward; (d) what approvals, if any, Ms. Tirschwell gave to Ms. Hayward regarding Ms. Hayward's purported representation of her; and (e) what fee arrangement applied to Ms. Hayward's alleged representation of her.  *See generally,* Motion.  The only statement of fact the Motion presents to establish Ms. Tirschwell's erroneous belief was a representation by her former co-worker and present co-defendant Mr. King.  Motion at ¶¶ 2 & 10; Storch Decl. at ¶ 11.

---

[3]  27 F.4th 1105, 1117 (5th Cir. 2022) (emphasis in the original); *Matter of ValuePart, Inc.*, 802 Fed.App'x 143, 146 (5th Cir. 2020) (affirming denial of extension request); *In re Kheir*, No. 24-35814, 2025 WL 3221629, at *9 (Bankr. S.D. Tex. Nov. 18, 2025) ("Courts are less likely to find excusable neglect when the reason for delay was within the movant's reasonable control.").

[4]  *Kheir*, 2025 WL 3221629, * at 9 (quoting *CJ Holding*, 27 F.4th at 1118) (ellipses in the original).

5

19.     Absent any assertion of additional actions taken or information learned to substantiate her erroneous belief, it is evident that Ms. Tirschwell, YesCare's former CEO, accepted without examination the assurance of her former co-worker and present co-defendant Mr. King.

20.     Ms. Tirschwell apparently did not assess the Court's docket after Ms. Hayward filed her *Motion (I) to Dismiss Plaintiffs' Counts III, VII, IX, X, and XVI for Failure to State a Claim or, in the Alternative, (II) for a More Definite Statement*, on behalf of Ms. Finger, Mr. King, Ms. Rice, and Mr. Sholey on July 3, 2026.  *See* Dkt. No. 29 (the "<u>Motion to Dismiss</u>").  Nor did Ms. Tirschwell assess the first page of the Motion to Dismiss, which the Motion asserts Ms. Tirschwell believed represented her interests.  Motion at ¶¶ 2 & 10; Storch Decl. at ¶ 11.

21.     Mr. Storch, having received service of process on Ms. Tirschwell's behalf in June 2026 (*see* Response Decl. at ¶¶ 9-10; Storch Decl. at ¶ 5), and knowing of Ms. Tirschwell's belief, elected not to contact Ms. Hayward until July 17th to confirm her representation (*see* Storch Decl. at ¶ 11).  Hearing no response, Mr. Storch then waited until after the deadline for Ms. Tirschwell's responsive pleading—a deadline he had notice of through service of the Summons—to examine the Court's docket, whereupon he apparently learned that Ms. Tirschwell was not in fact represented by Ms. Hayward.[5]  *See* Storch Decl. at ¶ 12.

22.     The reasons for Ms. Tirschwell's delay were entirely within her control.  She elected to believe, without any additional diligence, that Ms. Hayward was her counsel.  She failed to take any action to confirm this belief and instead relied upon the single representation of a former co-worker and present co-defendant.  Both Ms. Tirschwell and Mr. Storch failed to apprise themselves

---

[5]     *See In re Davenport*, 342 B.R. 482, 499 (Bankr. S.D. Tex. 2006) ("It is well settled that attorneys have a duty to monitor the dockets to keep themselves informed[.]") (internal quotations omitted) (denying motion to enlarge time to appeal the entry of an order).

of this Court's public docket, which on its face discloses that the Motion to Dismiss did not include Ms. Tirschwell.  *See* Dkt. No. 29.  And both Ms. Tirschwell and Mr. Storch elected to wait until after the deadline for Ms. Tirschwell's responsive pleading to take investigative actions to relieve themselves of their erroneous understanding.

23.     Ms. Tirschwell's failure to timely file a responsive pleading was within her reasonable control and does not constitute excusable neglect.  *See CJ Holding*, 27 F.4th at 1117-18 ("Most of what caused the delay in this case was not beyond the reasonable control of the Claimants . . . the bankruptcy court did not abuse its discretion by finding that this factor weighs in favor of the Debtors."); *Unit Corp. v. Gilmore,* No. 4:21-CV-435, 2022 WL 956226, at *7 (S.D. Tex. 2022) (affirming the bankruptcy court's judgment to deny motion to allow late filing because movant was aware of the bankruptcy action and failed to check the docket to determine the deadline); *Kheir*, 2025 WL 3221629, at *9 ("[The movant] fails to show that the reason for the delay was out of her control."); *ValuePart, Inc.*, 802 Fed. App'x at 148 ("[The claimant] has not shown that [the reason for the delay] was based on factors akin to incarceration or ill health.").

24.     Further, Ms. Tirschwell's lack of diligence should cast doubt on any claim that the Motion is made in good faith.  *See* Motion at ¶ 10; Storch Decl. at ¶ 20.

### REQUEST IN THE ALTERNATIVE

25.     Should the Court determine that a brief extension is warranted, Plaintiffs respectfully request that such extension be limited to no more than seven (7) days, with an indication that no further extensions will be granted.

**CONCLUSION**

26.     For the foregoing reasons, the Motion should be denied.

Dated: August 3, 2026.                    Respectfully submitted,

                                          **BROWN RUDNICK LLP**

                                          /s/ *Eric R. Goodman*
                                          Eric R. Goodman (*pro hac vice*)
                                          D. Cameron Moxley (*pro hac vice*)
                                          Gerard T. Cicero (*pro hac vice*)
                                          Susan Sieger-Grimm (*pro hac vice*)
                                          Seven Times Square
                                          New York, NY 10036
                                          Telephone: (212) 209-4800
                                          Facsimile: (212) 209-4801
                                          Email: egoodman@brownrudnick.com
                                                 cmoxley@brownrudnick.com
                                                 gcicero@brownrudnick.com
                                                 ssiegergrimm@brownrudnick.com

                                          **STINSON LLP**

                                          /s/ *Nicholas Zluticky*
                                          Nicholas Zluticky (SDTX Bar No. 3845893)
                                          Zachary H. Hemenway (SDTX Bar No. 3856801)
                                          1201 Walnut Street, Suite 2900
                                          Kansas City, MO 64106
                                          Telephone: (816) 842-8600
                                          Facsimile: (816) 691-3495
                                          Email: nicholas.zluticky@stinson.com
                                                 zachary.hemenway@stinson.com

                                          *Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means via the ECF transmission to all PACER System participants in this proceeding on August 3, 2026.

                                          /s/ *Eric R. Goodman*
                                          Eric R. Goodman

8