IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

TEHUM CARE SERVICES, INC.

Debtor.

Chapter 11

MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUST, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE (CML) DEBTOR.

Plaintiffs

Case No. 23-90086 (CML)

Adv. Proc. No. 26-03138

v.

YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY,

Defendants.

United States Courts
Southern District of Texas
FILED

AUG 10 2026

Nathan Ochsner, Clerk of Court

**EMERGENCY CONSIDERATION PREVIOUSLY REQUESTED**

**DEFENDANT SARA ANN TIRSCHWELL'S REPLY IN FURTHER SUPPORT OF EMERGENCY MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE <u>RESPOND TO COMPLAINT</u>**

**PRELIMINARY STATEMENT**

Plaintiffs' opposition does not identify any concrete prejudice from the requested short extension. Instead, Plaintiffs ask the Court to deny relief based on an alleged lack of diligence, even though no default has been entered, no default judgment exists, the delay was brief, and Ms. Tirschwell acted promptly after learning that counsel previously expected to represent her would not do so. Plaintiffs 'argument also overlooks the key factual point clarified in the accompanying reply declaration: Ms. Tirschwell's understanding that Ms. Hayward would represent her was not based on a bare assumption, but on communications involving Mr. King, including verbal confirmation and a later written communication on July 10, followed by undersigned counsel's July 17 communication to Ms. Hayward. Under *Pioneer's* equitable framework, those facts support a finding of excusable neglect.

Plaintiffs' position reduces the excusable-neglect inquiry to a hindsight exercise: because additional steps might have avoided the missed deadline, relief must be denied. But that is not the standard under *Pioneer*. The question is whether, considering all relevant equitable circumstances, a brief pre-default extension, that does not prejudice any of the parties in any way, is warranted. Ms. Tirschwell respectfully argues that it is. Plaintiffs have no prejudice, Ms. Tirschwell acted promptly, and denial would create a disproportionate forfeiture.

For these reasons, and those set forth in the Motion and supporting declarations, the Motion should be granted.

## ARGUMENT

### I. THE GOVERNING STANDARD IS EQUITABLE, AND PLAINTIFFS APPLY IT TOO RIGIDLY

Plaintiffs correctly identify Bankruptcy Rule 9006(b)(1)(B) as the rule governing a request for an extension made after the expiration of a deadline. That rule provides that, after a deadline has expired, the Court may extend the time to act if the failure to act resulted from excusable neglect. Fed. R. Bankr. P. 9006(b)(1)(B).

But Plaintiffs apply that standard too rigidly. The Supreme Court has made clear that excusable neglect is an equitable inquiry that takes account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

Plaintiffs' opposition ignores all the equitable and circumstance-specific reasons for the delay. Here, the relevant circumstances favor relief: the delay was brief; no default was entered; no default judgment was entered; Plaintiffs fail to identify any prejudice; this adversary proceeding remains in an early procedural posture, with motions to dismiss filed by other defendants still pending; and Ms. Tirschwell acted promptly after learning that no responsive pleading had been filed and that Ms. Hayward would not be appearing for her.

Plaintiffs' authorities do not compel a contrary result. Plaintiffs ask the Court to treat a short pre-default extension as though Ms. Tirschwell were seeking to undo months of inaction or vacate a judgment. That is not this case.

## II. A PRE-DEFAULT EXTENSION REQUEST SHOULD NOT BE TREATED MORE HARSHLY THAN A MOTION TO SET ASIDE AN ENTERED DEFAULT

Although Rule 9006(b)(1)(B) governs the extension of an expired deadline, the fact that no default has been entered is critical.

Rule 55, made applicable in adversary proceedings by Bankruptcy Rule 7055, provides that an entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c); Fed. R. Bankr. P. 7055. Ms. Tirschwell is not asking the Court to set aside an entry of default, because no default has been entered. She is seeking less extraordinary relief: a short extension to file a response before default is entered.

Ms. Tirschwell does not contend that Rule 55(c) displaces Rule 9006(b)(1)(B). The relief requested here is narrower, earlier, and less disruptive than relief from an entered default. That procedural posture should weigh in favor of relief, not against it.

## III. PLAINTIFFS' ACTUAL-NOTICE ARGUMENT DOES NOT DEFEAT EXCUSABLE NEGLECT

Plaintiffs repeatedly emphasize that Ms. Tirschwell and undersigned counsel had notice of the adversary proceeding. But that does not resolve the issue presented by the Motion.

The question is not whether Ms. Tirschwell knew that the adversary proceeding existed. The question is whether the brief missed deadline, viewed equitably and in context, warrants the narrow relief requested. It does.

a. <u>Actual Notice of the Proceeding was Insufficient Notice that an Answer would Not Be Filed.</u>

The delay resulted from a good-faith misunderstanding concerning representation. Ms. Tirschwell and undersigned counsel understood that Ms. Hayward had been retained to represent the individual defendants, except Mr. Lefkowitz. That understanding was based on

communications involving Mr. King, YesCare's General Counsel, including verbal confirmation and a later written communication to Mr. King on July 10, 2026. Undersigned counsel also wrote to Ms. Hayward on July 17, 2026, to confirm the representation. Before the responsive pleading deadline, neither Ms. Tirschwell nor undersigned counsel was advised that Ms. Hayward would not represent Ms. Tirschwell.

Thus, this is not a case where a defendant ignored a complaint or chose not to respond. Nor is it a case where a defendant sought tactical delay. Ms. Tirschwell believed that counsel had been retained to respond on her behalf. When that understanding proved incorrect, she promptly sought relief.

b. <u>The Reply Declaration Supplies the Facts Plaintiffs Claim Were Missing</u>

Plaintiffs try to recast the representation issue as unsupported because the original Motion did not include every detail of the communications with Mr. King and Ms. Hayward. The reply declaration supplies those details. The relevant point is not whether Ms. Tirschwell can prove the formal elements of an engagement agreement with Ms. Hayward. The relevant point is that Ms. Tirschwell and undersigned counsel had a reasonable, good-faith basis to believe that a response was being handled on her behalf. That belief was grounded in communications involving Mr. King, later written confirmation to Mr. King on July 10, and undersigned counsel's July 17 communication to Ms. Hayward.

The fact that Ms. Hayward was not able respond to the undersigned because she was on trial (at the same time that Mr. King had reconfirmed her representation) and later advised that she had determined there was a conflict does not make Ms. Tirschwell's prior understanding

unreasonable. Nor does it transform this brief delay into willful default. Once the issue was discovered, Ms. Tirschwell acted promptly.

## IV. PLAINTIFFS' DILIGENCE ARGUMENTS DO NOT OUTWEIGH THE ABSENCE OF PREJUDICE, THE BRIEF DELAY, AND MS. TIRSCHWELL'S PROMPT CORRECTIVE ACTION

Plaintiffs argue that undersigned counsel should have checked the docket earlier and discovered that Ms. Tirschwell was not included in the July 3, 2026 motion to dismiss filed by Ms. Hayward on behalf of other defendants.

That argument does not justify denial here. This case does not involve a lengthy unexplained delay, post-judgment relief, or tactical sandbagging. The delay was brief. No default was entered. Plaintiffs have not identified any prejudice. Other motion practice was pending. And upon learning that Ms. Hayward would not represent Ms. Tirschwell, undersigned counsel acted promptly to seek relief and prepare a response.

The equitable inquiry under *Pioneer* does not ask whether, with hindsight, some additional step might have avoided the missed deadline. It asks whether the neglect is excusable in light of all relevant circumstances. Here, those circumstances strongly favor permitting Ms. Tirschwell to respond and defend on the merits.

Plaintiffs 'remaining arguments are variations on the same theme: that Ms. Tirschwell, with hindsight, should have discovered the representation issue sooner. But *Pioneer* does not require perfection. It requires an equitable assessment of all relevant circumstances. Those circumstances overwhelmingly favor relief here.

## V. PLAINTIFFS' REQUEST TO LIMIT RELIEF TO SEVEN DAYS IS UNSUPPORTED

Plaintiffs are not embarrassed to alternatively request that any extension be limited to seven days and that no further extensions be granted. That alternative request should be denied.

The requested fourteen-day extension is modest and reasonable under the circumstances. The Complaint is lengthy (85-pages) and complex. Ms. Tirschwell requires a meaningful opportunity to prepare a response, address representation issues, and assert her defenses properly. An artificial seven-day deadline would serve no meaningful purpose, particularly where Plaintiffs have not shown any prejudice from the requested fourteen-day period.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Motion and supporting declarations, Defendant Sara Ann Tirschwell respectfully requests that the Court grant her Emergency Motion for Extension of Time to Answer or Otherwise Respond to Complaint, extend her deadline to answer or otherwise respond by fourteen days, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

STORCH BYRNE LLP

By: Steven G. Storch
**<u>Awaiting admission *pro hac*</u>**
437 Madison Ave., 24th Fl.,
New York, NY 10022
212-931-1005
sstorch@storchbyrnelegal.com
*Attorneys for Defendant*
*Sara Ann Tirschwell*