IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

TEHUM CARE SERVICES, INC.

Debtor.

Chapter 11

MATTHEW J. DUNDON, solely in his capacity as the GUC TRUSTEE of the GUC TRUST, MICHAEL ZIMMERMAN, solely in his capacity as the PI/WD TRUSTEE of the PI/WD TRUST, and THE POST-EFFECTIVE DATE (CML)
DEBTOR.

Plaintiffs

Case No. 23-90086 (CML)

Adv. Proc. No. 26-03138

v.

YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, and FRANK JEFFREY SHOLEY,

Defendants.

United States Courts
Southern District of Texas
FILED

AUG 10 2026

Nathan Ochsner, Clerk of Court

**EMERGENCY CONSIDERATION PREVIOUSLY REQUESTED**

**REPLY DECLARATION OF STEVEN G. STORCH IN FURTHER SUPPORT OF DEFENDANT SARA ANN TIRSCHWELL'S EMERGENCY MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

I, Steven G. Storch, declare under penalty of perjury as follows:

1. I submit this reply declaration in further support of Defendant Sara Ann Tirschwell's ("Tirschwell") Emergency Motion for Extension of Time to Answer or Otherwise Respond to Complaint, and to respond to certain factual assertions made in Plaintiffs' opposition.

2. I am an attorney licensed to practice in the State of New York and before the United States District Court for the Southern District of New York. I am in good standing in those jurisdictions and am not subject to any disciplinary proceedings. My *Pro Hac Vice* application was submitted to this Court concurrently with the underlying emergency motion.

3. As stated in my prior declaration, this application is made solely to preserve Ms. Tirschwell's rights and to permit her to respond to the Complaint on the merits. It is not made for purposes of delay.

4. Ms. Tirschwell has always intended, and announced that intention to Plaintiffs' counsel, to defend this action. Counsel knows that and any effort to argue otherwise is simply untrue. In fact, the allegations of the complaint are factually and legally insufficient as they pertain to Ms. Tirschwell and that will be demonstrated if she is permitted to defend this action on the merits.

5. Plaintiffs argue that Ms. Tirschwell and I were aware of the existence of this adversary proceeding before the response deadline. That is true. In fact, before Plaintiffs made their unnecessary motion to obtain alternate service on Ms. Tirschwell, Ms. Tirschwell and I met *via* video with the Plaintiffs and their counsel, including Eric Goodman who was counsel for the GUC Trustee. With Ms. Tirschwell's consent, I offered to accept service of the complaint and asked for ninety days for Ms. Tirschwell to obtain Texas counsel and file a response. The

additional time was needed because of Ms. Tirschwell's prior planned travel outside the country. Eric Goodman, on behalf of all Plaintiffs, demanded that Ms. Tirschwell waive defenses of jurisdiction and venue. I told counsel that I could not agree to that because Ms. Tirschwell's ultimate counsel would need to decide if this was the proper forum.

6. Instead of working out an arrangement, Mr. Goodman instead said that he would make a motion for substitute service and that the court would not be happy that Ms. Tirschwell was supposedly avoiding service. I was troubled that this was an apparent effort to paint Ms. Tirschwell in a bad light and asked that if any such motion was made, the Court be advised that I had agreed to accept service, but that Plaintiffs demanded waiver of certain defenses. I stated it would be unfair to give the impression that Ms. Tirschwell was ignoring this action. Furthermore, even though counsel knew of my involvement, no courtesy copy of the motion was sent to me.

7. My understanding, and Ms. Tirschwell's understanding, was that Melissa S. Hayward had subsequently been retained to represent the individual defendants, including Ms. Tirschwell, other than Yitzchak Lefkowitz.

8. That understanding was based on communications with Jeffrey Scott King, YesCare's General Counsel, who advised me on or about July 1, 2026, that Ms. Hayward had been retained to represent Ms. Tirschwell.

9. In addition to verbal confirmation of that understanding, the representation issue was later confirmed by a writing to Mr. King on July 10, 2026.

10. I also wrote to Ms. Hayward on July 17, 2026, to confirm that she would be representing Ms. Tirschwell in this adversary proceeding. Attached please see a true and correct copy of that

communication attached as Exhibit A. I subsequently contacted Mr. King's office when I had not received a response from Ms. Hayward and was told by his office that she was representing Ms. Tirschwell but had been traveling, although it now appears that Ms. Hayward had actually been on trial.

11. When I later checked the docket on July 27 and saw that no answer had been filed on behalf of Ms. Tirschwell, I again reached out to Ms. Hayward to determine the status.

12. Ms. Hayward and I spoke on July 27, 2026. Ms. Hayward advised me that she had determined that there was a conflict in representing Ms. Tirschwell. That was the first time either Ms. Tirschwell or I learned that Ms. Hayward would not be in a position to represent Ms. Tirschwell. The same was communicated to me by Mr. King a day later.

13. Until that time, I understood that Ms. Hayward had been retained to represent Ms. Tirschwell together with the other individual defendants, except Mr. Lefkowitz.

14. After I learned that no response had been filed on Ms. Tirschwell's behalf and that Ms. Hayward would not be appearing for her, we immediately sought emergency relief from this Court.

15. Ms. Tirschwell has not attempted to evade this proceeding. She has not acted in bad faith. She has not sought to delay the case for tactical advantage. In fact, as previously stated in my moving Declaration, I was prepared to accept service on behalf of Ms. Tirschwell in May, had Mr. Goodman not demanded that she waive any objections to jurisdiction or venue.

16. Given the seriousness of the allegations, and the catastrophic consequences it could have for Ms. Tirschwell if she is not allowed to defend, the equities weigh heavily in favor of what the law encourages: determinations on the merits. Contrary to vague and non-specific allegations

in the Complaint which attempt to tar her with a broad brush, Ms. Tirschwell was not engaged in any of the wrongdoing alleged in the complaint. She should be allowed to demonstrate that.

17. As of the date of this declaration the docket reflects that no default judgment has been entered against Ms. Tirschwell.

18. Plaintiffs have not established that they altered their position or will be prejudiced by a brief delay in the filing of Ms. Tirschwell's responsive pleading. This adversary proceeding remains in an early procedural posture. Motion practice by other defendants was pending at the time Ms. Tirschwell sought relief, and is still pending.

19. The brief extension requested by Ms. Tirschwell will not be used by her to affect any discovery deadline, trial date, or scheduling order.

20. The missed deadline resulted from a good-faith misunderstanding concerning representation. I respectfully submit that the requested extension is warranted and that the brief delay in filing a response was the result of excusable neglect.

Respectfully Submitted

Steven G. Storch
**<u>Awaiting admission *pro hac vice*</u>**

cc: Counsel of record (*via* eFile)

**Declaration Under Penalty of Perjury**

I declare under penalty of perjury that the foregoing statements are true and correct based upon my personal knowledge, except for those matters expressly stated to be upon information and belief, and as to those matters, I believe them to be true.

Executed on August 10, 2026

Steven G. Storch