**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TEHUM CARE SERVICES, INC.,**<br>Debtor.<br><br>**MATTHEW J. DUNDON, SOLELY IN HIS CAPACITY AS THE GUC TRUSTEE OF THE GUC TRUST, MICHAEL ZIMMERMAN, SOLELY IN HIS CAPACITY AS THE PI/WD TRUSTEE OF THE PI/WD TRUST, AND THE POST-EFFECTIVE DATE DEBTOR,**<br>Plaintiffs,<br><br>v.<br><br>**YITZCHAK LEFKOWITZ A/K/A ISAAC LEFKOWITZ, YESCARE CORP., CHS TX, INC., GENEVA CONSULTING, LLC, PERIGROVE, LLC, PERIGROVE 1018, LLC, M2 HOLDCO, LLC, M2 LOANCO, LLC, PHARMACORR LLC, SARA ANN TIRSCHWELL, AYODEJI OLAWALE LADELE, BEVERLY MICHELLE RICE, JEFFREY SCOTT KING, JENNIFER LYNNE FINGER, AND FRANK JEFFREY SHOLEY,**<br>Defendants. | CHAPTER 11<br><br>CASE NO. 23-90086 (CML)<br><br>ADVERSARY NO. 26-03138 |

**DEFENDANT SARA ANN TIRSCHWELL'S REPLY IN SUPPORT OF HER MOTION (I) TO DISMISS PLAINTIFFS' COUNTS III, VII, IX, X, AND XVI FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, (II) FOR A MORE DEFINITE STATEMENT**

(Relates to [Doc. 40] and [Doc. 48])

Defendant Sara Ann Tirschwell ("Ms. Tirschwell") files this Reply in support of her Motion (I) to Dismiss Plaintiffs' Counts III, VII, IX, X, and XVI for Failure to State a Claim or, in the Alternative, (II) for a More Definite Statement **[Doc. 40]** (the "Motion"), and in response to Plaintiffs' Opposition **[Doc. 48]** (the "Opposition"), and respectfully states as follows:

## I. INTRODUCTION

1. This adversary proceeding arises from the May 2022 divisional merger of Corizon Health, Inc. and the chapter 11 case of the entity that merger left behind, Tehum Care Services, Inc. Plaintiffs' sixteen-count Complaint **[Doc. 1]** names fifteen defendants; five counts reach Ms. Tirschwell, who served as Corizon's chief executive officer from December 2021 to May 2022. Her Motion **[Doc. 40]** seeks dismissal of those five counts under FED. R. CIV. P. 9(b) and 12(b)(6) or, in the alternative, a more definite statement under Rule 12(e). Plaintiffs oppose **[Doc. 48]**, and this Reply addresses that Opposition.

2. This Reply addresses five issues:

i. the pleading standard the Opposition applies, which the Supreme Court replaced in 2007, and why that choice affects each of the Opposition's arguments;

ii. whether Count III can stand when the Opposition defends it only as a civil-conspiracy claim the Complaint does not plead — and whether that recast theory could itself survive Rule 9(b) and Texas conspiracy law;

iii. whether the Fiduciary Duty Claims (Counts VII, IX, and X) give Ms. Tirschwell fair notice when they remain pleaded against a seven-person group, and whether they survive the Complaint's own chronology and the absence of any protected corporate opportunity;

iv. whether the Fee Claim (Count XVI) pleads any basis for recovering attorneys' fees from her; and

v. whether, in the alternative, Plaintiffs should be required to provide a more definite statement of the Fiduciary Duty Claims.

3. Ms. Tirschwell respectfully asks the Court to dismiss Counts III, VII, IX, X, and XVI with prejudice as asserted against her or, in the alternative, to order a more definite statement of Counts VII, IX, and X.

## II. ARGUMENT AND AUTHORITIES

### A. *The Opposition Measures the Complaint Against an Old Standard.*

4. The Opposition frames the standard of review incorrectly, claiming the governing standard as follows: a complaint may not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Opposition ¶ 27. That is the formulation from *Conley v. Gibson* that was rejected by the Supreme Court in *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 563 (2007). The Court replaced the *Conley* standard nineteen years ago: "after puzzling the profession for 50 years, this famous observation has earned its retirement." *See id*.

5. Under the proper standard, the Court first sets aside allegations that are legal conclusions, because they are not entitled to the presumption of truth, and then asks whether the remaining well-pleaded facts state a plausible — not merely conceivable — claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); Motion ¶¶ 13–14. Where a claim sounds in fraud, Rule 9(b) adds a particularity requirement that is applied defendant by defendant. *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994); Motion ¶¶ 15–17.

6. The choice of standard is not an abstraction; it shapes every argument the Opposition makes. The Opposition cites neither *Twombly* nor *Iqbal*. Its defense of each count asks whether Ms. Tirschwell has notice of the claims, not whether well-pleaded, non-conclusory facts make her liability plausible; its group-pleading authorities address collective notice under Rule 8; and its answer to Rule 12(e) is that she knows her own conduct. Each of those arguments assumes that notice is the measure. Because it is not, the sections that follow test the Opposition's defense of each count against the standards that actually govern: plausibility under *Twombly* and *Iqbal*, and particularity under Rule 9(b). Dismissal is warranted.

**B. *Count III Fails Whether It Is Read as Pleaded or as Rewritten.***

**a. The count as pleaded is undefended.**

7. The Motion demonstrated that Count III sounds in fraud and pleads no particulars as to Ms. Tirschwell, Motion ¶¶ 20–26; anticipated Plaintiffs' attempt to recast the count as a civil conspiracy, *id.* ¶ 27; and identified the two decisions nearest the count as pleaded — each of which dismissed a claim carrying precisely the label Count III carries. *Id.* ¶ 33 (discussing *In re Glick*, 568 B.R. 634, 676–77 (Bankr. N.D. Ill. 2017), and *In re Rescue Rangers, LLC*, 576 B.R. 521, 528 (Bankr. E.D. Va. 2017)). The Opposition addresses neither decision and never identifies the tort stated by the phrase "knowingly and substantially assisted." Complaint ¶ 264. Its argument is captioned "The Complaint States a Plausible Claim for Conspiracy to Commit a Fraudulent Transfer," and everything beneath that caption belongs to civil conspiracy; aiding and abetting appears only in two parentheticals inside a footnote string cite. Opposition ¶¶ 28–41 & ¶ 29 n.4.

8. A claim for "aiding and abetting" is analyzed separately from a "conspiracy" claim with each theory requiring proof of distinct elements. *See Katchadurian v. NGP Energy Capital Mgmt., LLC (In re Northstar Offshore Grp., LLC)*, 616 B.R. 695, 704 (Bankr. S.D. Tex. 2020); *Ramirez v. Rodriguez (In re Ramirez),* 413 B.R. 621, 629 (Bankr. S.D. Tex. 2009); Opposition, ¶ 29 n.4. The Opposition attempts to defend an unpleaded conspiracy theory, rather than the as-pleaded theory of "aiding and abetting." The count as pleaded is, therefore, undefended — and a plaintiff may not simply rewrite its complaint in a response brief. *See McDavid v. Hous. Indep. Sch. Dist.,* No. H-21-993, 2021 U.S. Dist. LEXIS 191787, at *10 (S.D. Tex. 2021) (holding that a plaintiff "cannot use a response to a motion to dismiss as a backdoor to add allegations that she did not plead in her . . . complaint"). FED. R. CIV. P. 10(c) does not alter that conclusion: incorporation by reference imports the Complaint's paragraphs as written, not as the Opposition now describes them. Opposition ¶ 41.

**b. The conspiracy theory fails on its own terms.**

9. Even if Plaintiffs were free to replead Count III as a civil conspiracy, five independent defects would remain.

10. First, Rule 9(b) governs a conspiracy to defraud with the same force it governs fraud: a plaintiff must "plead with particularity the conspiracy as well as the overt acts" taken to further it. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009); Motion ¶¶ 28–29. The particularized conduct the Opposition attributes to Ms. Tirschwell is not in the paragraphs it cites. The Opposition describes her as having decided, with Mr. Lefkowitz, to bifurcate Corizon's assets and liabilities, citing Complaint ¶ 92. Opposition ¶¶ 12, 31(i). But, Paragraph 92 pleads that Mr. Lefkowitz directed Corizon to hire her; the decision to restructure is pleaded in the next paragraph and attributed to the owners. Complaint ¶¶ 92–93. No paragraph of the Complaint alleges that Ms. Tirschwell decided anything.

11. The Opposition likewise describes Ms. Tirschwell as having "issued a press release," *citing* Complaint ¶ 152. Opposition ¶ 22. Paragraph 152 pleads an email sent by Karen Davies, a senior vice president at YesCare, after the Divisional Merger became effective, and the June 2022 follow-on messages are pleaded as sent by Ms. Davies and Stacie Koch. Complaint ¶¶ 152–154. No paragraph of the Complaint pleads a communication drafted, sent, or directed by Ms. Tirschwell; and the Opposition's statements that she personally oversaw the new YesCare logo and directed Corizon staff through Mr. King carry no record citation. Opposition ¶ 21. Rule 9(b) requires the who, what, when, and where to appear in the Complaint; on the paragraphs Plaintiffs actually pleaded and served on the Defendants in this proceeding, they do not.

12. Second, no meeting of the minds on an unlawful object is pleaded. The Complaint pleads that "the Corizon Board voted to proceed with the scheme," and that Ms. Tirschwell signed the resulting instruments. Complaint ¶¶ 261–262. Texas law requires more: "An actionable civil

conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means," *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017), and the conspirators must be aware of the harm at the inception of the agreement. *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995). No paragraph of the Complaint alleges that Ms. Tirschwell agreed with anyone or was aware of any intended harm to creditors at the outset. An agreement to implement a board-approved transaction is an allegation about the transaction; it supplies no "agreement" to injure.

13. Third, the conspiracy cannot rest on Count II. The Opposition grounds the conspiracy on the constructive fraudulent transfer count and acknowledges in the same paragraph that such a claim carries no intent element. Opposition ¶ 36 ("Count II is an underlying claim supporting the conspiracy to commit a fraudulent transfer claim found in Count II."). Texas law forecloses that combination: "Given the requirement of specific intent, parties cannot engage in a civil conspiracy to be negligent." *Triplex Commc'ns, Inc.*, 900 S.W.2d at 720 n.2; *see also Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) ("Because negligence by definition is not an intentional wrong, one cannot agree or conspire to be negligent."). A conspiracy requires an intended wrong; a wrong that requires no intent cannot be its object.

14. Fourth, the intracorporate conspiracy doctrine bars the claim as pleaded. Count III names three people pleaded as Corizon's own controlling director, chief executive officer, and chief legal officer, each acting in that capacity on a board-approved transaction. Complaint ¶¶ 103, 261–262. A "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Texas law is in accord: "a corporation cannot conspire with itself,

no matter how many of its agents may participate in the corporate action." *Fojtik v. First Nat'l Bank of Beeville*, 752 S.W.2d 669, 673 (Tex. App.—Corpus Christi 1988, writ denied).

15. The exception to that doctrine — an agent acting outside the corporate capacity in pursuit of a genuinely independent stake — is not pleaded anywhere in the Complaint. The only benefit allegedly obtained by Ms. Tirschwell is becoming YesCare's chief executive officer, not receipt of anything the Debtor gave up. Texas does not treat such a benefit as a stake separating the agent from the principal, *see Holloway v. Skinner*, 898 S.W.2d 793, 798 (Tex. 1995) ("a personal benefit limited to the continued entitlement to draw a salary or derivative of the improved financial condition of the corporation does not raise a triable issue of fact"), and the Fifth Circuit confines fraudulent-transfer recovery to "one who is, directly or indirectly, a transferee or recipient" of the property transferred. *Mack v. Newton*, 737 F.2d 1343, 1361 (5th Cir. 1984). The Motion made this point at footnote 7; the Opposition does not engage it and purposely avoids it.

16. Finally, *Keyes v. Weller*, 692 S.W.3d 274 (Tex. 2024), does not fill these gaps. *Keyes* holds that Texas Business Organizations Code § 21.223 does not shield a corporate agent from liability for her own fraudulent or tortious acts. However, that presupposes commission of a tort. Ms. Tirschwell does not claim immunity from tort she is alleged to have committed; the defect is that the Complaint pleads none by her — no conduct beyond signing board-approved instruments and other lawful acts, no knowledge of the alleged deception, and no agreement to accomplish any unlawful act. Count III fails and should be dismissed.

**C. *Counts VII, IX, and X Remain Pleaded Against a Seven-Person Block.***

**a. The Opposition identifies no individualized allegations.**

17. The Opposition defends Plaintiffs' group pleading tactics with authorities addressing collective notice under FED. R. CIV. P. 8 — a robocall case and an ERISA case, neither involving a heightened pleading standard Rule 9(b) requires or the existence of seven differently

situated officers. Opposition ¶ 42. The "numerous factual allegations particular to Ms. Tirschwell" it identifies, *id.* ¶ 43, are the descriptions addressed in Part II.B above, together with paragraphs reciting her office. Complaint ¶¶ 35, 92, 103, 105, 117, 335. Her office has never been disputed. The Motion's two controlling authorities on what more is required go unanswered: the particularity inquiry proceeds "on a defendant-by-defendant basis," *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994), and a chief executive's title supplies no culpable state of mind. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 214 (5th Cir. 2009) (declining to assume a chief executive's fraudulent intent from his position); Motion ¶¶ 17, 23.

18. The Opposition's own description of Plaintiffs' claims confirms that Rule 9(b) governs them. It states that every count against Ms. Tirschwell is "inseparably intertwined with the underlying fraudulent transfers and her role in facilitating their execution." Opposition ¶ 57. Claims intertwined with a fraud must also satisfy Rule 9(b) as to each defendant. *See Kennard v. Indianapolis Life Ins. Co.,* 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006) (citing *Afshar v. Norwood*, 2005 U.S. Dist. LEXIS 33113, No. 3:05-CV-1625-G, 2005 LEXIS 33113, at *10 (N.D. Tex. Dec. 14, 2005)) ("When both fraud and non-fraud claims are alleged, . . . compliance with Rule 9(b) is required . . . when the non-fraud claims are 'so intertwined' with the fraud averments that it is not possible to describe a simple redaction to separate the two").

19. And even if the counts are read as independent of the fraud narrative, that narrative cannot supply the culpable mental states they assert — for example, "knowingly and intentionally funneling business opportunities away from Corizon and toward other entities in a disloyal manner." Complaint ¶ 308(a). On either reading, the counts require individualized factual allegations the Complaint does not contain.

**b. The Complaint's own chronology does not support the counts.**

20. The Opposition contends Ms. Tirschwell was "funneling business to YesCare, rather than Corizon, between June 2022 and December 2022 …." The dates matter here, because the Complaint pleads that Ms. Tirschwell's Corizon tenure ran from December 2021 to May 2022 and pleads no role for her at Corizon or the Debtor thereafter. *Id.* ¶ 35. Count VII limits the duty it invokes to the same period: "At all relevant times prior to the Divisional Merger, Corizon Management owed a fiduciary duty to Corizon." *Id.* ¶ 293. On Plaintiffs' own pleading, the June-to-December period the Opposition describes is one in which Ms. Tirschwell owed Corizon no fiduciary duty whatsoever.

**c. Count VII does not plead a protected corporate opportunity.**

21. Count VII pleads that "The Debtor had a tangible expectation that the contracts would be pursued on behalf of the Debtor, as they had been throughout the Debtor's existence*.*" *Id.* ¶ 296. A corporation, however, has no interest or expectancy in a competitively bid contract it has not won. The San Antonio Court of Appeals so held on a structurally similar record — a fund-affiliated director formed a sister vehicle that acquired the very acreage the corporation had planned to pursue — and reversed and rendered a $95.5 million usurpation judgment, because "the opportunity must be *<u>something more</u> than a concept or strategy*," and where the field is open a rival's success takes nothing from the corporation. *Huff Energy Fund, L.P. v. Longview Energy Co.*, 482 S.W.3d 184, 193 (Tex. App.—San Antonio 2015) (emphases added), *aff'd sub nom. Longview Energy Co. v. Huff Energy Fund LP*, 533 S.W.3d 866 (Tex. 2017).

22. The Complaint pleads the competitive facts itself: the Alabama award was selected over four other proposals from Centurion, Vital Core, Wellpath, and Wexford Health, Complaint ¶ 111, and the agency rescinded that initial award and re-solicited before awarding. *Id.* ¶¶ 112–

113. A contract awarded by a state agency, to one of five competitors, after a rescission and re-solicitation, is a contest — not an asset of the Debtor — and the Complaint's own account of the Debtor's adjudicated tort liabilities and unpaid vendor obligations forecloses any inference that the Debtor held a tangible expectancy in winning it. *Id.* ¶¶ 78, 80–90.

**d. Signing a statutorily authorized, board-approved transaction is not a breach.**

23. Reduced to its elements, the case against Ms. Tirschwell is that (i) she was the chief executive officer when the board of directors of the company approved a divisional merger, and (ii) she signed the instruments implementing it. The Legislature authorizes that transaction, TEX. BUS. ORGS. CODE § 1.002(55)(A); *id.* §§ 10.001–.008, and the Complaint concedes that divisional mergers are provided for by Texas law, alleging only that this one was a sham. Complaint ¶ 5.

24. This Court has described the mechanism in neutral terms: "The divisional merger statutes permit one entity to separate into two or more entities." *In re Red River Talc LLC*, No. 24-90505, 670 B.R. 251, 261 (Bankr. S.D. Tex. Mar. 31, 2025). What Texas law makes actionable is not the device but conduct that is *ultra vires* or fraudulent: "Texas courts to this day will not impose liability upon a noninterested corporate director unless the challenged action is *ultra vires* or is tainted by fraud." *Gearhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 721 (5th Cir. 1984).

25. The fraud the Complaint alleges is located elsewhere: "FTI's analysis featured a document Mr. Lefkowitz forged as part of his scheme to cover up that fact," Complaint ¶ 142, and "Corizon's CFO and existing management did not have access to" the accounts at the center of the concealment. *Id.* ¶ 55. A complaint alleging a fraud concealed by one person from the company's own advisors and its own management must plead facts connecting each remaining defendant to that fraud. As to Ms. Tirschwell it pleads only a title and a signature. If those sufficed, every officer who implements a division under Chapter 10 would face fraud claims whenever the enterprise later

failed; Rule 9(b) requires more, as to each defendant, before discovery begins. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997); Motion ¶ 15.

26. The Complaint's own allegations also limit these counts. Count X charges each member of Corizon Management with proceeding in the face of concerns about the Signature Accounts, while ¶ 55 pleads that management could not access them. Complaint ¶¶ 55, 314(a)–(b); Motion ¶ 38 n.8. Count IX charges the officers with "abdicating their decision-making authority to Mr. Lefkowitz," Complaint ¶ 308(n) — an allegation the Opposition's description of Ms. Tirschwell as a principal participant does not attempt to reconcile. Motion ¶ 35. The Opposition addresses neither tension.

**D. *Plaintiffs' Fee Claim Pleads No Basis for Recovery Against Ms. Tirschwell.***

27. The Opposition defends the Fee Claim on one ground: that Plaintiffs have pleaded a claim for conspiracy to commit fraudulent transfers, "the underlying tort being a TUFTA violation." Opposition ¶ 55. The fee theory therefore depends on the conspiracy recast addressed in Part II.B, which the Complaint does not plead.

28. It also fails independently. TUFTA's fee provision reaches a proceeding under Chapter 24, TEX. BUS. & COM. CODE § 24.013, and no such proceeding is asserted against Ms. Tirschwell: Counts I and II run against CHS TX alone, and Counts III, VII, IX, and X are common-law counts. The segregation cases the Opposition cites address how a fee award is allocated once entitlement exists. Opposition ¶ 56. The Motion's authorities on entitlement — *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006), and *Bruce v. Cauthen*, 515 S.W.3d 495, 514 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) — go unanswered. Motion ¶¶ 43–44.

29. Although the Opposition claims the Court should delay in dismissing the demand for attorneys' fees, dismissal at this time is appropriate should the underlying alleged claims be dismissed and/or the Court finds there is no basis for an award of attorneys' fees.

**E. *In the Alternative, FED. R. CIV. P. 12(e) Relief Should Be Granted.***

30. The Opposition responds to the Rule 12(e) request by contending – in conclusory terms – that Ms. Tirschwell "has knowledge of her exact role in the breaching conduct at issue." Opposition ¶ 62. But, Ms. Tirschwell isn't aware of any "breaching conduct" admitted by her. Plaintiffs must plead with specificity which alleged *unlawful* actions taken by others that they contend were accomplished with Ms. Tirschwell's knowing and (unlawful) intentional participation.

31. The Motion, however, did not request information about her conduct. It requested Plaintiffs' theory of her liability: which of the twenty-three enumerated acts and omissions in Complaint ¶¶ 308(a)–(q) and 314(a)–(f) they charge to Ms. Tirschwell alone; when each occurred; what she supposedly knew, when, and from what document or communication; when Corizon is alleged to have become insolvent and how that insolvency was determinable; and whether the incorporated fraud allegations supply her state of mind. Motion ¶ 47. Only Plaintiffs can state their theory, and the Opposition addresses none of the five items.

32. The Opposition's remaining point is that Mr. Lefkowitz answered **[Doc. 30]**, so the counts must be answerable. Opposition ¶ 63. Mr. Lefkowitz is the individual whose conduct the Complaint describes at greatest length. That he can answer allegations centered on his own alleged acts does not show that the pleading gives fair notice to an officer alleged only to have signed documents and to have belonged to a group of seven. Motion ¶ 41 n.9.

## REQUEST FOR RELIEF

For these reasons, Ms. Tirschwell respectfully requests that the Court (1) grant the Motion; (2) dismiss with prejudice Counts III, VII, IX, X, and XVI of the Complaint as asserted against her; (3) in the alternative, if the Court declines to dismiss Counts VII, IX, and X, compel Plaintiffs

to amend the Complaint to set forth a more definite statement of those counts as asserted against her; and (4) grant Ms. Tirschwell such other and further relief to which she is justly entitled.

Respectfully submitted,

**MCGINNIS LOCHRIDGE LLP**

By: s/ David Herrold

**David H. Herrold**
Texas State Bar No. 24107029
S.D. Tex. No. 3542296
**Christopher L. Halgren**
Texas State Bar No. 24069859
S.D. Tex. No. 1062824
**Ian Davis**
Texas State Bar No. 24120793
S.D. Tex. No. 3644072
500 North Akard Street, Suite 3000
Dallas, Texas 75201
Tel. (214) 307-6991
*dherrold@mcginnislaw.com*
*chalgren@mcginnislaw.com*
*idavis@mcginnislaw.com*

and

**Steven G. Storch**, Awaiting Admission pro hac vice
**STORCH BYRNE LLP**
437 Madison Avenue, 24th Floor
New York, New York 10022
Tel. (212) 931-1005
*sstorch@storchbyrnelegal.com*

**Attorneys for the Defendant, SARA ANN TIRSCHWELL**

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing document using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link to this filing to all parties who have filed a notice of appearance in this case under the Court's CM/ECF system.

s/ David Herrold
David H. Herrold